**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 2:17-cv-577 |
| T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON | § § § § § § | |
| *Defendants*. | § § | |

**MOTION FOR PARTIAL SUMMARY JUDGMENT
OF INVALIDITY OF U.S. PATENT NO. RE46,206**

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................... 1

III. APPLICABLE LAW ........................................................................................................ 2

IV. ARGUMENT .................................................................................................................... 4

    A. The PTO improperly waived the statutorily requirements of then-existing § 111 when it permitted IV to backdate the filing date of the '218 Patent ........................... 4

    B. When initial papers for the '218 Patent were submitted in September 2002, a specification could not be incorporated by reference to comply with the requirements of § 111 ................................................................................................ 5

    C. The '206 Patent is Anticipated by the '098 Publication ............................................. 6

V. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Baxter Intern., Inc. v. McGaw, Inc.*,
   149 F.3d 1321 (Fed. Cir. 1998) ................................................................................. 3, 4, 5, 6

**STATUTES**

35 U.S.C. § 102(b) ........................................................................................................ 1, 2, 4, 6

35 U.S.C. § 111 ............................................................................................................. 1, 3, 4, 5, 6

35 U.S.C. § 120 ............................................................................................................................. 1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) .................................................................................................................... 3

MPEP 201.06(c)(A) (8th Ed., Aug. 2001) .............................................................................. 3, 6

| **INDEX OF ATTACHED EXHIBITS**[1] | |
|---|---|
| Ex. 1 | International PCT Application Publication WO 01/05098 (PCT/US00/18531) |
| Ex. 2 | Originally Filed Application Papers for U.S. Application No. 10/241,454, dated Sept. 12, 2002 |
| Ex. 3 | USPTO, Notice of Incomplete Nonprovisional Application, Application No. 10/241,454 (Oct. 15, 2002) |
| Ex. 4 | Petition for Corrected Filing Date Under 37 CFR § 1.182, Application No. 12/943,796 |
| Ex. 5 | U.S. Patent No. 6,452,915 (Cover Page) |
| Ex. 6 | Resp. to Notice of Incomplete Application, Application No. 10/241,454, dated Oct. 24, 2002 |
| Ex. 7 | U.S. Patent No. 7,251,218 (Cover Page) |
| Ex. 8 | USPTO, Decision on Petition Pursuant to 37 C.F.R. § 1.182 |
| Ex. 9 | Manual of Patent Examining Procedure § 201.06(c)(A) (8th Ed.) |
| Ex. 10 | 35 U.S.C. § 111(a)(4) (2000) |
| Ex. 11 | Excerpts from the Deposition of IV's Rule 30(b)(6) witness Dean M. Munyon |
| Ex. 12 | Excerpts from the Expert Report of Dr. Tim Williams Regarding the Validity of U.S. Patent Nos. 6,628,629, 7,359,971, 7,412,517, and RE46,206 |
| Ex. 13 | Excerpts from the Expert Report of Dr. Anthony Acampora Regarding Invalidity of the Asserted Claims |
| Ex. 14 | Excerpts from the Deposition of Dr. Tim Williams, IV's Expert Regarding Validity of the '206 Patent |

---

[1] Cited exhibits are exhibits attached to the Declaration of Bryan Parrish in support of Defendants' Motion for Partial Summary Judgment of Invalidity of the '206 Patent.

Asserted Patent RE46,206 (the "'206 Patent") reissued from U.S. Patent 7,251,218 (the "'218 Patent"). When papers for the '218 Patent initially were filed on September 12, 2002, no specification compliant with 35 U.S.C. § 112 was submitted to the Patent Office ("PTO"). Consistent with then-existing 35 U.S.C. § 111, the PTO accorded the application a filing date when the applicant eventually filed a specification on October 24, 2002. Years after issuance, IV sought reissue of the '218 Patent, requesting that the PTO backdate the filing date from October 24, 2002 to September 12, 2002. In contravention to § 111, the PTO granted IV's request.

The proper filing date of the '218 Patent—and thus the earliest date to which the '206 Patent may claim priority—is dispositive of the validity of the '206 Patent. If the filing date is October 24, 2002, as required by § 111, then the application of the '218 Patent was never co-pending with its parent application and cannot claim priority to the parent's filing date under 35 U.S.C. § 120. Without the earlier filing date, it is undisputed that the '206 Patent is invalid under 35 U.S.C. § 102(b) as being anticipated by related International Patent Application PCT/US00/18531, which published on January 18, 2001.

## I.   STATEMENT OF ISSUES TO BE DECIDED

1. Under then-existing 35 U.S.C. § 111, whether the filing date of the '218 Patent—and thus the earliest priority date of the '206 Patent—is October 24, 2002, the date on which a § 112-compliant specification for the '218 Patent was first received in the PTO.

2. Under 35 U.S.C. § 102(b), whether the '206 Patent is invalid in view of International PCT/US00/18531, which published on January 18, 2001.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

The following facts are undisputed by the parties:

1. On January 18, 2001, International Patent Application PCT/US00/18531 published as WO 01/05098 (the "'098 Publication"). *See* Ex. 1.

1

2. On September 12, 2002, papers for U.S. Application 10/241,454 (the "'454 Application") were submitted with the PTO. The applicant did not include a copy of a specification with the application papers. Instead, a transmittal form indicated that the application was a continuation of Application 09/350,156 (the "'156 Application") and incorporated the '156 Application by reference. *See* Ex. 2; Ex. 3 (indicating that a "filing date will be the date of receipt of [a complete specification]"); Ex. 4 at IVMN00007241; Ex. 11 at 9:16-10:20, 25:20–28:20 (admitting that because no specification was filed on September 12, 2002, there was no § 112-compliant specification providing enablement, best mode, and written description).

3. On September 17, 2002, the '156 Application issued as U.S. Patent 6,452,915. Ex. 5.

4. On October 24, 2002, a specification for the '454 Application was filed for the first time with the PTO. Ex. 6; Ex. 4 at IVMN00007241; Ex. 11 at 35:10-13.

5. On July 31, 2007, the '454 Application issued as the '218 Patent bearing a filing date of October 24, 2002. Ex. 7; Ex. 11 at 36:20-24.

6. On November 10, 2010, IV filed U.S. Application 12/943,796 seeking reissue of the '218 Patent. In those proceedings, IV filed a petition to change the filing date of the '218 Patent from October 24, 2002, to September 12, 2002. Ex. 4. That petition was granted by the PTO, and the '206 Patent issued on November 15, 2016. Ex. 8.

7. The '098 Publication anticipates each asserted claim of the '206 Patent under § 102(b), if the earliest priority date of the '206 Patent is October 24, 2002. Ex. 12, Ex. 13, Ex. 14 at 329:7-21.

### III. APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Federal Circuit explained the statutory prerequisites to submit "an application for patent":

> Both statute, 35 U.S.C. § 111, and federal regulation, 37 C.F.R. § 1.51, make clear the requirement that an application for a patent *must* include (1) a specification (which includes both the written description and the claims) and claims [sic], (2) a drawing, (3) an oath or declaration, and (4) a filing fee. The omission of any *one* of these component parts makes a patent application incomplete and thus not entitled to a filing date.

*Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1333 (Fed. Cir. 1998) (emphasis in the original).  When the applicant for the '218 Patent originally submitted application papers in 2002, § 111 was unequivocal in its requirements for the "filing date" of patent application, stating that "[t]he filing date of an application shall be the date on which the specification and any required drawing are received in the Patent and Trademark Office."  Ex. 10, 35 U.S.C. § 111(a)(4) (2000).  These requirements of § 111 "may not be waived by the PTO," and although the PTO is presumed to have complied with this statute, "that presumption cannot overcome a clear statutory violation."  *Baxter*, 149 F.3d at 1334.  Consistent with then-existing § 111, the PTO's examination procedures cautioned that a § 112-compliant specification must be included in an application, and that incorporating a specification by reference from an earlier application was not sufficient to receive a filing date. *See* Ex. 9, MPEP 201.06(c)(A) (8th ed., Aug. 2001) ("Material needed to accord an application a filing date may not be incorporated by reference. Therefore, if a continuation or divisional application as originally filed incorporates by reference material omitted from the application papers, which is needed to accord the application a filing date, the application will **not** be entitled to a filing date.")[2] (emphasis in the original).

---

[2] The 8th edition of the MPEP was in effect when the '454 Application was filed in 2002.

3

IV.     ARGUMENT

    **A. The PTO improperly waived the statutorily requirements of then-existing § 111 when it permitted IV to backdate the filing date of the '218 Patent**

The facts from *Baxter Int'l, Inc. v. McGaw, Inc.*, are analogous to the undisputed facts before the Court. In *Baxter*, the applicant filed a divisional application and requested that the claims, which were the claims of the parent application, be canceled in favor of new claims to be added. 149 F.3d at 1326. However, the applicant failed to submit new claims. *Id.* The PTO nevertheless granted the application a filing date as of the date the claim-less application was filed. *Id.* at 1333. The Federal Circuit ruled that the PTO improperly waived the requirements of § 111 when the PTO provided that filing date, explaining "because Baxter's submission failed to meet the requirements of § 112, it also failed to meet the definition of 'application' in 35 U.S.C. § 111 and is not an 'application' entitled to the filing date of [the parent application] under § 120." *Id.* at 1334. Instead, the filing date of the divisional application was the date the PTO received a set of claims. *Id.* Given the proper statutory filing date, a counterpart PCT application invalidated Baxter's divisional application under § 102(b). *Id.*

A distinction without a difference between *Baxter* and the current undisputed facts is that Baxter failed to comply with § 111 by filing a specification without any claims. *Id.* at 1326. Here, the applicant filed claims without a specification. SOF No. 2. And the PTO did not receive a specification found to be in compliance with § 112 until October 24, 2002. SOF No. 4; Ex. 10, § 111(a)(1)–(2)(A) (stating "[a]n application for patent . . . shall include . . . a specification as prescribed by section 112 of this title"). Under then-existing § 111(a)(4), the statutorily required filing date of the '454 Application corresponding to the issued '218 Patent is October 24, 2002. *See* Ex. 10, § 111(a)(4) (referring in part to "the date on which *the specification*" is received) & (a)(2)(A) (introducing "a specification" as "a specification as

4

prescribed by section 112 of this title"). Because applicant's initial submission on September 12, 2002, "failed to meet the requirements of § 112, it also failed to meet the definition of 'application' in 35 U.S.C. § 111 and is not an 'application' entitled to the filing date of [the parent application] under § 120." *See Baxter*, 149 F.3d at 1334; SOF No. 2. In other words, given the later October 24, 2002 filing date, the '454 Application failed to be co-pending with its parent application (*i.e.*, the '156 Application), which issued on September 17, 2002. SOF No. 5. Thus, since the proper filing date of the '454 Application corresponding to the issued '218 Patent is October 24, 2002, that is the earliest date that the '206 Patent is entitled to claim priority.

> **B. When initial papers for the '218 Patent were submitted in September 2002, a specification could not be incorporated by reference to comply with the requirements of § 111**

When IV petitioned the PTO to backdate the filing date of the '218 Patent, IV's principal argument was that the corresponding '454 Application purportedly incorporated its parent specification by reference using a transmittal form, PTO/SB/05. SOF No. 4 at IVMN00007248; SOF No. 2. However, PTO/SB/05 warned that incorporation by reference "<u>can only</u> be relied upon when a portion [of the disclosure]" as opposed to the entire disclosure "has been inadvertently omitted from the submitted application parts." SOF No. 2 (emphasis in the original). This language tracks the PTO's examining procedures on incorporation by reference. Although PTO procedures permit incorporation of "a portion" of an earlier-filed specification to correct minor errors, they notably contain an explicit prohibition on the incorporation by reference of any material required to accord the application a filing date. Indeed, the MPEP explains in a section entitled, "Application NOT Entitled to a Filing Date," that:

> Material needed to accord an application a filing date **may not be incorporated by reference**. Therefore, if a continuation or divisional application as originally filed incorporates by reference material omitted from the application papers, **which is needed to accord the application a filing date**, the application will **not** be entitled to a filing date.

5

Ex. 9, MPEP at 201.06(c)(A) (emphasis added)[3]. By statute, a specification as prescribed by § 112 must be received by the PTO to accord the application a filing date. Ex. 10, § 111 (a)(4) & (a)(2)(A); s*ee also Baxter*, 149 F.3d at 1333. In contravention to the statutory requirement that a § 112-compliant specification be received by the PTO to accord a filing date, the PTO granted IV's petition to backdate the filing date of the '218 Patent, thereby backdating the priority claim of the '206 Patent. SoF 6, 2. Thus, the PTO's decision to backdate this filing date impermissibly waived the statutory requirements of § 111.

### C. The '206 Patent is Anticipated by the '098 Publication

The '098 Publication published on January 18, 2001. SOF No. 1. The disclosures of the '098 Publication and '206 Patent are substantially similar.[4] It is undisputed that if the filing date of the '218 Patent—and thus the earliest date the '206 may claim priority—is October 24, 2002, then the '098 Publication anticipates the '206 Patent under § 102(b). SOF No. 7. Because the earliest date that the '206 Patent may claim priority is October 24, 2002, the '206 Patent is thus invalid in view of the '098 Publication as a matter of law. *See Baxter*, 149 F.3d at 1334.

### V. CONCLUSION

Defendants[5] respectfully request that the Court determine as a matter of law that: (1) the filing date of the '218 Patent—and thus the earliest date the '206 Patent may claim priority—is October 24, 2002; and (2) the '206 Patent is invalid in view of the '098 Publication.

---

[3] Although a preceding section of the MPEP permitted "Incorporation By Reference," like PTO/SB/05, this section cautioned that "the incorporation by reference statement can only be relied upon to permit the entering **of a portion of the prior application into the continuation** or divisional application when **the portion** of the prior application has been inadvertently omitted from the submitted application papers in the continuation or divisional application." Ex. 9 at 200-36 (emphasis added).

[4] The '206 Patent and '098 Publication claim priority to the same '156 Application. *See* Ex. 1.

[5] T-Mobile USA, Inc., T-Mobile US, Inc., Ericsson Inc., and Telefonaktiebolaget LM Ericsson

| | |
|---|---|
| Dated:  November 19, 2018 | Respectfully submitted, |
| | |
| Asim M. Bhansali | By: */s/ Douglas M. Kubehl* |
|   State Bar No. 90001290 | Douglas M. Kubehl |
|   E-mail:  abhansali@kblfirm.com |   Texas State Bar No. 00796909 |
| Kate E. Lazarus |   E-mail:   doug.kubehl@bakerbotts.com |
|   *Admitted Pro Hac Vice* | Jeffery S. Becker |
|   E-mail:  klazarus@kblfirm.com |   Texas State Bar No. 24069354 |
| **KWUN BHANSALI LAZARUS LLP** |   E-mail:   jeff.becker@bakerbotts.com |
| 555 Montgomery Street, Suite 750 | Johnson K. Kuncheria |
| San Francisco, California, 94111 |   Texas State Bar No. 24070092 |
| Telephone: (415) 630-2350 |   Email: johnson.kuncheria@bakerbotts.com |
| | Harrison G. Rich |
| R. Adam Lauridsen |   Texas State Bar No. 24083730 |
|   *Admitted Pro Hac Vice* |   E-mail:   harrison.rich@bakerbotts.com |
|   E-mail:  alauridsen@keker.com | Steven T. Jugle |
| **KEKER, VAN NEST & PETERS LLP** |   Texas State Bar No. 24083280 |
| 633 Battery Street |   E-mail:   steven.jugle@bakerbotts.com |
| San Francisco, CA 94111 | Megan V. LaDriere |
| Telephone: (415) 391-5400 |   Texas State Bar No. 24083348 |
| Facsimile: (415) 397-7188 |   E-mail:   megan.ladriere@bakerbotts.com |
| | Melissa L. Butler |
| **ATTORNEYS FOR T-MOBILE USA,** |   Texas State Bar No. 24097442 |
| **INC. and T-MOBILE US, INC.** |   E-mail:   melissa.butler@bakerbotts.com |
| | Bryan D. Parrish |
| |   Texas State Bar No. 24089039 |
| |   Email: bryan.parrish@bakerbotts.com |
| | **BAKER BOTTS L.L.P.** |
| | 2001 Ross Avenue |
| | Dallas, Texas 75201 |
| | Telephone: (214) 953-6500 |
| | Facsimile: (214) 953-6503 |
| | |
| | Melissa R. Smith |
| |   Texas State Bar No. 24001351 |
| |   E-mail:   melissa@gillamsmithlaw.com |
| | **GILLAM & SMITH, LLP** |
| | 303 South Washington Avenue |
| | Marshall, Texas 75670 |
| | Telephone: (903) 934-8450 |
| | Facsimile:  (903) 934-9257 |
| | |
| | **ATTORNEYS FOR T-MOBILE USA,** |
| | **INC., T-MOBILE US, INC,** |
| | **TELEFONAKTIEBOLAGET LM** |
| | **ERICSSON, AND ERICSSON INC** |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 19, 2018.

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl
