# EXHIBIT 12

HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Defendants. | Civil Action No. 2:17-cv-00577-JRG<br><br>**JURY TRIAL DEMANDED** |

**EXPERT REPORT OF DR. TIM A. WILLIAMS
REGARDING THE VALIDITY OF
U.S. PATENT NOS. 6,628,629, 7,359,971, 7,412,517, AND RE46,206**

I declare under penalty of perjury that the following is true and correct, to the best of my knowledge, information and belief.

Dated: October 31, 2018

_____
Dr. Tim A. Williams

consequent degradation of high priority Voice over IP (VoIP) and video applications" in "oversubscribed environments" as recited in claim 146.

949.    Passas also does not disclose VoIP or any other kind of IP traffic. Dr. Acampora tries to distract the reader from this fact by citing two isolated references to "voice" and "voice communications" in Passas, neither of which suggest that the voice communications are transmitted using the Internet Protocol. Report, at ¶¶ 3390. Then he refers to "IP voice communication," pretending that Passas mentions IP in conjunction with voice communication, when it does not. *Id.* Such arguments are not sufficient to show that Passas discloses "time-sensitive VoIP communications" as Dr. Acampora contends.

950.    Dr. Acampora attempts to fill this gap by citing Raychaudhuri for the proposition that, because Raychaudhuri mentions "IP-over-ATM," it would have been obvious to send IP packets over an ATM system such as that of Passas. *Id.* But he misses the point. It is not enough to send IP packets using an ATM protocol. VoIP uses IP packets containing voice data, something that neither Passas nor Raychaudhuri teaches. In fact, Raychaudhuri does not even discuss voice transmission; the system disclosed in that reference is strictly for other kinds of data, not voice.

951.    Finally, as discussed above with respect to Claim 109, the scheduling step is limited to packet-centric systems, not circuit-centric systems such as those of Passas and Raychaudhuri.

952.    For the above reasons, Passas, either by itself or in combination with the other references cited by Dr. Acampora, cannot anticipate or render obvious the additional limitations of claim 146.

   D.     **Jorgensen PCT Publication (WO 01/05098)**

**HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY**

Dr. Acampora opines that the Jorgensen PCT Publication (WO 01/05098) is prior art to the '206 Patent. Acampora Report at ¶ 3400. Jorgensen is not prior art, because: (a) its publication date is January 18, 2001; (b) its earliest priority date is July 9, 1999, which is not before the July 9, 1999 filing date of the '206 Patent; and (c) it has the same inventor as the '206 Patent. In addition, the '206 Patent claims priority to Provisional Patent 60/092,452 which was filed even earlier, on July 10, 1998. '206 Patent at 1:16-23. Therefore, Dr. Acampora's opinion that the Jorgensen PCT Publication contains teachings similar to those of the '206 Patent is irrelevant.

> E. **Dr. Acampora's Additional Proposed Obviousness Combinations Do not Anticipate or Render Obvious any of the Asserted Claims of the '206 Patent [Passas/Raychaudhuri and Chen/Agrawal combinations]**
>
>> i. **Lin, Either By Itself or in Combination With Passas and/or Raychaudhuri, Does Not Anticipate or Render Obvious Claim 1, the Claims that Depend from Claim 1, or Claim 112 or 114 of the '206 Patent**
>>
>>> a. **It would not have been obvious to combine Lin with Passas and/or Raychaudhuri**

953. Dr. Acampora contends that a POSITA would have considered it obvious to combine Lin with Passas or the Passas-Raychaudhuri combination because, according to him, the combination would have been a simple substitution of a one known element for another to achieve predictable results, there were a limited number of options for implementing an endpoint in an ATM network, combining the personal computer and radio link of Lin with the system of Passas would have been an "obvious design or implementation choice," and there would have been no incompatibilities if Raychaudhuri, Lin, Dyson, and/or Stelliga were combined with Passas. Acampora Report ¶¶ 3408-12. I disagree.