**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 2:17-cv-577 |
| | § | |
| T-MOBILE USA, INC., T-MOBILE US, INC., | § | **FILED UNDER SEAL** |
| ERICSSON INC., and | § | |
| TELEFONAKTIEBOLAGET LM ERICSSON | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**<u>DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NO WILLFUL INFRINGEMENT</u>**

i

**TABLE OF CONTENTS**

I.   STATEMENT OF ISSUES TO BE DECIDED ...................................................................... 1

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 1

III. APPLICABLE LAW ....................................................................................................... 2

IV.  SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT SHOULD BE
     GRANTED ...................................................................................................................... 3

V.   CONCLUSION................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)................................................................................................................3

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
Case No. 2:15-cv-11-RSP, (E.D. Tex. Nov. 4, 2017)............................................................5

*Halo Elecs. Inc. v. Pulse Elecs. Inc.*,
136 S. Ct. 1923 (2016)........................................................................................................3, 5

OTHER AUTHORITIES

Fed. R. Civ. P. 56(a) ..................................................................................................................3

| INDEX OF ATTACHED EXHIBITS[1] | |
|---|---|
| Ex. 1 | Plaintiff Intellectual Ventures I LLC's Objections and Responses to Defendants' Fourth Set of Common Interrogatories (Nos. 19-23) |
| Ex. 2 | Plaintiff Intellectual Ventures I LLC's Objections and Responses to Defendants' Second Set of Common Interrogatories (Nos. 10-14) |
| Ex. 3 | Plaintiff Intellectual Ventures I LLC's Supplemental Disclosure of Asserted Claims and Infringement Contentions Under Patent Rule 3-1 |
| Ex. 4 | Excerpts from the Deposition of Christian Skarby taken June 12, 2018 (Volume II) |
| Ex. 5 | Memorandum Opinion and Order, Dkt. 359, in *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, Case No. 2:15-cv-11-RSP (E.D. Tex. Nov. 4, 2017 |

---

[1] Cited exhibits are exhibits attached to the Declaration of Johnson Kuncheria in support of Defendants' Motion for Partial Summary Judgment of No Willful Infringement.

iii

IV's willful infringement allegations fail as a matter of law. Although IV's complaint contains unsupported allegations that "Defendants have been aware of an objectively high likelihood that their actions constituted and continue to constitute infringement" and that "[o]n information and belief, Defendants could not reasonably, subjectively believe that their actions do not constitute infringement," IV failed to secure any discovery supporting its conclusory allegations. *See, e.g.,* Dkt. 1 at ¶ 34. Because Defendants[2] have established a subjective belief of non-infringement and because IV has identified no culpable conduct beyond typical alleged infringement, summary judgment of no willful infringement is warranted.

## I.      STATEMENT OF ISSUES TO BE DECIDED

Whether summary judgment of no willfulness of all asserted claims of the asserted patents should be granted because IV's unsupported allegations of willfulness fail as a matter of law, and no reasonable juror could find willful infringement.

## II.      STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      In its Complaint, IV asserts that Defendants infringe certain asserted claims of U.S. Patents Nos. 6,628,629, 7,359,971, 7,412,517, and RE46,206 (collectively, "the Asserted Patents"). Dkt. 1 at ¶ 6.

2.      In its Complaint, IV asserts that Defendants willfully infringe each of the Asserted Patents "since at least the filing of this action." Dkt. 1 at ¶¶ 34, 41, 49 55, 62, 68, 75, 82, Prayer for Relief at b. For each patent, IV asserts "since at least the filing of this action, Defendants have been aware of an objectively high likelihood that their actions constituted and continue to constitute infringement" and that "[o]n information and belief, Defendants could not

---

[2] "Defendants" collectively refers to Defendants T-Mobile USA, Inc. and T-Mobile US Inc. (collectively "T-Mobile") and Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson").

reasonably, subjectively believe that their actions do not constitute infringement." *See id.*

3.      IV served its objections and responses to Defendants' Fourth Set of Interrogatories on September 28, 2018.   Ex. 1 (Nos. 19-23).   In response to Common Interrogatory No. 23 asking IV to



4.      IV served its objections and responses to Defendants' Second Set of Interrogatories on August 14, 2018.  Ex. 2 (Nos. 10-14).  In response to Common Interrogatory No. 14 asking IV to describe, in detail, for each Defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ IV responded that:



*Id.* at 8.

5.      IV did not supplement or otherwise amend its responses to Defendants' Common Interrogatories Nos. 14 and 23.  Fact discovery closed on October 1, 2018.  Dkt. 127.

## III.    APPLICABLE LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

2

R. Civ. P. 56(a).  Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Although "[d]istrict courts enjoy discretion in deciding whether to award enhanced damages, and in what amount," as the Supreme Court cautions, that discretion is not unbounded and instead has been narrowed "so that such damages are generally reserved for egregious cases of culpable behavior."  *Halo Elecs. Inc. v. Pulse Elecs. Inc.*, 136 S. Ct. 1923, 1932 (2016).  Such "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct."  *Id.*  And importantly, enhanced damages "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior."  *Id.*; *see also id.* at 1935–36.

## IV.    SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT SHOULD BE GRANTED

Willful infringement is reserved for conduct that is "willful, wanton, malicious, [in] bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Halo*, 136 S. Ct. at 1932.  IV cannot possibly meet that standard, and therefore summary judgment of no willful infringement should be granted.

In its Complaint, IV alleges willful infringement for each asserted patent "since at least the filing of this action."  Dkt. 1 at ¶¶ 34, 41, 49 55, 62, 68, 75, 82, Prayer for Relief at b.  While IV makes conclusory allegations regarding Defendants' subjective belief and an objectively high likelihood of infringement, IV's Complaint is remarkably silent on facts supporting those allegations, and instead it relies on IV's "information and belief."  *See id.*

3

██████████████████████████████████████████ Ex. 1, IV's Responses to

Defendant' Fourth Set of Interrogatories at 10–11 (stating only that ███████████████

██████████████████████████████████████████████████████████████████

any evidentiary support—that ████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████ Ex. 2, IV's Responses to Defendant' Second Set of

Interrogatories at 7–8 (Response to Common Interrogatory No. 14). ████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██    In addition, neither of IV's infringement expert reports purport to describe willful infringement or provide any analysis establishing how or why the alleged infringement is willful.

Tellingly, IV took no discovery of Defendants that supports its conclusory allegations of willful infringement. To the contrary, Ericsson's corporate representative testified that he was aware of differences between the asserted patents and the accused products and that his confidence level in those differences was high. Ex. 4, Skarby Dep. (vol. 2, June 12, 2018) at 271:1-14, 448:6-8.[4] Thus, rather than support IV's allegations, the record directly contradicts

---

[3] In its infringement contentions cover pleading, IV parrots back—without any support—the same bald assertions contained in its Complaint and interrogatory response. *See* Ex. 3, at 1–2.

[4] IV had ample opportunity over two consecutive days to question the same Ericsson corporate representative regarding differences between the asserted patents and accused products, and further obtained testimony on Ericsson's beliefs in non-infringement. Ex. 4 Skarby Dep. (vol. 2, June 12, 2018) at 448:9-23 (establishing two days of deposition by three IV lawyers, and the assistance of its hired experts); *see also id.* at 277:5-278:7, 284:18-285:8, 287:16-289:3.

4

IV's claim that Defendants could not subjectively believe that their actions do not constitute infringement.

IV's unsupported allegations are insufficient to survive summary judgment. *First*, IV has provided no evidence establishing how Defendants allegedly acquired pre-suit knowledge of the asserted patents in this litigation simply merely because ███████████████████████ ██████████████████████████████████ In any event, as this Court has recognized, "knowledge of an asserted patent, without more, cannot justify enhanced damages under the *Halo* standard." Ex. 5, *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, Case No. 2:15-cv-11-RSP, Dkt. 359 (E.D. Tex. Nov. 4, 2017) at 9–10 (citations omitted).

*Second,* IV has failed to allege, much less establish in discovery, any culpable behavior beyond typical alleged infringement that justifies an award of enhanced damages. As the Supreme Court counsels, enhanced damages "are not to be meted out in a typical infringement case" but instead are reserved as a "sanction for egregious infringement behavior." *Halo*, 136 S. Ct. at 1932 (citations omitted). This Court recognizes the behavioral prerequisite to enhanced damages, stating *Halo* "repeatedly emphasizes that enhanced damages are reserved for egregious cases of culpable behavior. In other words, culpable conduct is required, but the culpable conduct must be egregious, i.e., outrageous or shocking." Ex. 5, *Ericsson,* Dkt. 359 at 9–10 (citations omitted). Significantly, not only has IV failed to identify any outrageous conduct, but IV also has proffered no evidence to refute Defendants' subjective belief of non-infringement.

## V.    CONCLUSION

Summary judgment is warranted because post-filing knowledge of the asserted patents, without more, is insufficient as a matter of law to establish willful infringement. Moreover, given Defendants' subjective belief of non-infringement, IV's failure to identify any evidence of egregious conduct beyond typical alleged infringement renders summary judgment appropriate.

Dated:  November 19, 2018

Asim M. Bhansali
  State Bar No. 90001290
  E-mail:  abhansali@kblfirm.com
Kate E. Lazarus
  *Admitted Pro Hac Vice*
  E-mail:  klazarus@kblfirm.com
**KWUN BHANSALI LAZARUS LLP**
555 Montgomery Street, Suite 750
San Francisco, California, 94111
Telephone: (415) 630-2350

R. Adam Lauridsen
  *Admitted Pro Hac Vice*
  E-mail:  alauridsen@keker.com
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

**ATTORNEYS FOR T-MOBILE USA, INC. AND T-MOBILE US, INC.**

Respectfully submitted,

By: */s/ Douglas M. Kubehl*
Douglas M. Kubehl
  Texas State Bar No. 00796909
  E-mail:  doug.kubehl@bakerbotts.com
Jeffery S. Becker
  Texas State Bar No. 24069354
  E-mail:  jeff.becker@bakerbotts.com
Johnson K. Kuncheria
  Texas State Bar No. 24070092
  Email: johnson.kuncheria@bakerbotts.com
Harrison G. Rich
  Texas State Bar No. 24083730
  E-mail:  harrison.rich@bakerbotts.com
Steven T. Jugle
  Texas State Bar No. 24083280
  E-mail:  steven.jugle@bakerbotts.com
Megan V. LaDriere
  Texas State Bar No. 24083348
  E-mail:  megan.ladriere@bakerbotts.com
Bryan D. Parrish
  Texas State Bar No. 24089039
  Email: bryan.parrish@bakerbotts.com
Melissa L. Butler
  Texas State Bar No. 24097442
  E-mail:  melissa.butler@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 700
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Melissa R. Smith
  Texas State Bar No. 24001351
  E-mail:  melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257

**ATTORNEYS FOR T-MOBILE USA, INC., T-MOBILE US, INC, TELEFONAKTIEBOLAGET LM ERICSSON, AND ERICSSON INC**

6

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on November 19, 2018.

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Douglas M. Kubehl*
Douglas M. Kubehl