# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 2:17-cv-577 |
| T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON | § § § § § | **FILED UNDER SEAL** |
| *Defendants.* | § § § § | |

## MOTION FOR PARTIAL SUMMARY JUDGMENT
## THAT CERTAIN DISPUTED REFERENCES ARE PRIOR ART

**TABLE OF CONTENTS**

I.   STATEMENT OF ISSUES TO BE DECIDED ................................................................... 1

II.   STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................... 1

    A.  The Dyson Reference ......................................................................................... 1

    B.  The Choi Reference ............................................................................................ 2

    C.  The Oliveira Reference ...................................................................................... 3

    D.  IV's Positions ..................................................................................................... 3

III.  ARGUMENT ................................................................................................................. 4

    A.  The IEEE Articles were Published Before the Relevant Dates. ................................. 4

    B.  The Library Records Demonstrate Dyson, Choi, and Oliveira were Publicly Accessible Before the Relevant Dates. ........................................................................ 5

    C.  Evidence of Actual Access by POSITAs ....................................................................... 6

    D.  IV's Objections Do Not Overcome Summary Judgment. ............................................ 6

IV.  CONCLUSION ............................................................................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Constant v. Advanced Micro-Devices, Inc.*,
848 F.2d 1560 (Fed. Cir. 1988)................................................................................6

*Ericsson Inc. v. Intellectual Ventures I LLC*,
IPR2014-00527, Paper 41 (P.T.A.B. May 18, 2015)................................................5

*In re Klopfenstein*,
380 F.3d 1345 (Fed. Cir. 2004)................................................................................7

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
545 F.3d 1340 (Fed. Cir. 2008)................................................................................4

STATUTES

35 U.S.C. § 102(a) ...............................................................................................1, 4, 6

| INDEX OF ATTACHED EXHIBITS | |
|---|---|
| Ex. 1 | Excerpts from Plaintiff's Objections and Responses to Defendants' First Set of Common Interrogatories, dated March 12, 2018 |
| Ex. 2 | Excerpts from the Declaration of Sylvia Hall-Ellis, dated August 24, 2018, as corrected with Corrected Attachment 1, served October 22, 2018 |
| Ex. 3 | "An Efficient Media Access Control Protocol for Wireless ATM Networks" by Sihui Zhou et al., *IEEE Globecom 1998*, November 8-12, 1998 |
| Ex. 4 | Excerpts from the Deposition of Sylvia Hall-Ellis, dated October 19, 2018 |
| Ex. 5 | Google Scholar's citing references for "A Cellular Wireless Local Area Network with QoS Guarantees for Heterogeneous Traffic," by Choi et al., filtered by date range 1997 to 1999 |
| Ex. 6 | Fully Distributed Wireless Transmission of Heterogeneous Real-Time Data," by Markowski et al., 48th IEEE Vehicular Technology Conference, May 18-21, 1998 |
| Ex. 7 | Google Scholar's citing references for "Quality-of-Service Guarantee in High-Speed Multimedia Wireless Networks," by Oliveira et al., filtered by date range 1996 to 1998 |
| Ex. 8 | "An Optimistic Quality-of-Service Provisioning Scheme for Cellular Networks," by Das et al., *17th International Conference on Distributed Computing Systems*, May 27-30, 1997 |
| Ex. 9 | Excerpts from Plaintiff's Objections and Responses to Defendants' Fourth Set of Common Interrogatories, dated September 28, 2018 |
| Ex. 10 | Correspondence from Johnson Kuncheria, dated October 17, 2018 |
| Ex. 11 | Google Scholar's citing references for "A Dynamic Packet Reservation Multiple Access Scheme for Wireless ATM," by Dyson et al., filtered by date range 1997 to 1999 |

Defendants move for summary judgment that three IEEE articles[1] qualify as prior art "printed publications" under 35 U.S.C. § 102(a) and/or § 102(b). The uncontroverted record establishes that these references are prior art, and IV's unsupported objections have no basis in law or in fact. Summary judgment is therefore appropriate.

## I.    STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Dyson and Choi are prior art to the '629 and '517 Patents because they qualify as printed publications available by July 9, 1999 under 35 U.S.C. § 102(a) and/or by July 9, 1998 under § 102(b).

2.     Whether Oliveira is prior art to the '206 Patent because it qualifies as a printed publication available by July 10, 1998 under 35 U.S.C. § 102(a) and/or by July 10, 1997 under § 102(b).

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     IV contends that the '629 and '517 Patents have a priority date of **July 9, 1999**, and that the '206 Patent has a priority date of **July 10, 1998**. Ex. 1, IV's Response to Defendants' Common Interrogatory No. 3.

### A.  The Dyson Reference

2.     Defendants rely on the Dyson reference as prior art to the '629 Patent. Dyson bears a "© 1997 IEEE" date at the bottom of the article. Ex. 2, Hall-Ellis Decl., Corrected Attachment 1, at 687.[2] Dyson appears in *MILCOM '97 Proceedings*, Vol. 2, which bears a "Copyright © 1997 by the Institute of Electrical and Electronics Engineers, Inc." date on the copyright page. *Id*. at 2. Dyson is listed on page xiii of the table of contents of *MILCOM '97*

---

[1] A fourth IEEE article, Bianchi, is prior art to the '971 Patent for the same reasons as the IEEE articles addressed in this motion, but Defendants do not move for summary judgment that Bianchi is prior art solely because the Court has already found the asserted '971 Patent claims invalid.

[2] Dyson was also produced in this case at beginning bates INV-CV577-00000001.

1

*Proceedings*, Vol. 2, on a page captioned "Unclassified Technical Sessions, Tuesday 4 November 1997." *Id.* at xiii.

3.        Defendants' expert on library practices, Dr. Sylvia Hall-Ellis, concluded that Dyson was publicly available no later than July 8, 1997.  Ex. 2, Hall-Ellis Decl., ¶¶ V(a)–(e), ¶ 30 (table).  Dyson's Machine-Readable Cataloging ("MARC") record bears an "Entered" date of "19970708."  Ex. 2, Hall-Ellis Decl., Attachment 1b.  Based on this "Entered" field, Dr. Hall-Ellis concluded that "a cataloger at the Library of Congress" created the MARC record on July 8, 1997 and "by that date [Dyson] had been cataloged and indexed at the Library of Congress and made part of the OCLC Connexion database."  Ex. 2, Hall-Ellis Decl., ¶¶ V(d)–(e).

4.        By 1998, a least one article authored by others had cited Dyson.  *See, e.g.*, Ex. 3 (November 1998 article citing Dyson), Ex. 11 (Dyson citing references).

### B.  The Choi Reference

5.        Defendants rely on the Choi reference as prior art to the '517 Patent.  Choi bears a "© 1997 IEEE" date at the bottom of the article.  Ex. 2, Hall-Ellis Decl., Attachment 3, at 1030.[3] Choi appears in *IEEE INFOCOM'97: The Conference on Computer Communications*, which bears the date "April 7–12, 1997" on its cover.  *Id.* at 1.

6.        Dr. Hall-Ellis concluded that Choi was "published and accessible to the public no later than December 10, 1996."  Ex. 2, ¶¶ VI(a)–(f), ¶ 30 (table).  Specifically, Dr. Hall-Ellis concludes that Choi was available electronically by December 10, 1996, and in print by December 10, 1997.  *Id.* ¶ VI(f). Choi's MARC record for its electronic format bears an "Entered" date of "19961210."  Ex. 2, Hall-Ellis Decl., Attachment 3a.  Choi's MARC record for its print format bears an "008" field date of "971210s1997."  *Id.*, Attachment 3b.  Based on these fields, Dr. Hall-Ellis concluded that the MARC records were created by library catalogers by

---

[3] Choi was also produced in this case at beginning bates INV-CV577-0000029.

December 10, 1996 and December 10, 1997, respectively.  Ex. 2, Hall-Ellis Decl., ¶¶ VI(a), (d). The "008" field in a MARC record is automatically populated and cannot be changed.  Ex. 4, Hall-Ellis Tr., at 127:16–20.

7.    By 1998, articles authored by others had cited Choi, one as early as May 1998. *See, e.g.*, Ex. 5 (Choi citing references); Ex. 6 (May 1998 article citing Choi).

**C.  The Oliveira Reference**

8.    Defendants rely on the Oliveira reference as prior art to the '206 Patent.  Oliveira bears a "© 1996 IEEE" date at the bottom of the article.  Ex. 2, Hall-Ellis Decl., Attachment 6 at 728.[4]  Oliveira appears in "1996 IEEE International Conference on Communications," that bears the date "June 23–27, 1996" on its cover.  *Id*. at 1.

9.    Dr. Hall-Ellis concluded that Oliveira was "published and accessible to the public no later than February 11, 1996."  Ex. 2, Hall-Ellis Decl., ¶ IX(f).  Specifically, Dr. Hall-Ellis concluded Oliveira was available electronically by February 11, 1996 and in print by July 26, 1996.  *Id*. ¶¶ IX(a)–(f), ¶ 30.  Oliveira's MARC record for its electronic format bears an "Entered" date of "19960211."  Ex. 2, Hall-Ellis Decl., Attachment 6a.  Oliveira's MARC record for its print format bears an "008" field date of "960726s1996."  *Id*., Attachment 6b.  Based on these fields, Dr. Hall-Ellis concluded that the MARC records were created by library catalogers by February 11, 1996 and July 26, 1996 respectively.  Ex. 2, Hall-Ellis Decl., ¶¶ IX(a), (d).

10.   By 1997, articles authored by others had cited Oliveira, one as early as May 1997. *See, e.g.*, Ex. 7 (Oliveira citing references); Ex. 8 (May 1997 article citing Oliveira).

**D.  IV's Positions**

11.   In response to discovery seeking IV's basis for objecting to the public availability of these references IV simply states: "████████████████████████████████████████

---

[4] Oliveira was also produced in this case at beginning bates INV-CV577-00002991.

███████████████████████████████████████████████

██████████████████" Ex. 9, IV's Response to Defendants' Common Interrogatory No. 20; *see also* Ex. 10 (confirming "IV has no additional facts to support its objections to the subset of prior art references that it has not stipulated to, beyond what is contained in IV's response to Defendants' Common Interrogatory No. 20").

## III.   ARGUMENT

"[P]ublic accessibility has been called the touchstone in determining whether a reference constitutes a printed publication." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1350 (Fed. Cir. 2008). "A reference is publicly accessible . . . [if] such document has been disseminated or otherwise made available to the extent persons interested and ordinary skilled in the subject matter or art exercising reasonable diligence can locate it." *Id*. Eligibility as a printed publication is a question of law based on underlying facts. *Id*.

Summary judgment is appropriate because the uncontroverted facts establish the identified IEEE articles were publicly available as of the §§ 102(a) & (b) dates of the relevant patents.

### A.   The IEEE Articles were Published Before the Relevant Dates.

Dyson, Choi, and Oliveira each bear copyright dates that predate the §§ 102(a) and 102(b) dates of the respective patents for which they are prior art. Specifically, Dyson and Choi each bear copyright dates of 1997, which is before July 9, 1999 (§ 102(a) date) and also July 9, 1998 (§ 102(b) date). SOF Nos. 2, 5. And Oliveira bears a copyright date of 1996, which is before July 10, 1998 (§ 102(a) date) and also July 9, 1997 (§ 102(b) date). SOF No. 8. These copyright dates are evidence that these articles were published by IEEE and available to POSITAs before the critical dates of their respective patents. This evidence is uncontroverted.

In IPR proceedings where IV participated, the PTAB found that such copyright dates are

4

sufficient to establish IEEE articles as "printed publications," reasoning:

> We accept the publication information on the IEEE copyright line on page 1 of [reference] as evidence of its date of publication and public accessibility. IEEE is a well-known, reputable compiler and publisher of scientific and technical publications, and we take Official Notice that members in the scientific and technical communities who both publish and engage in research rely on the information published on the copyright line of IEEE publications.

*Ericsson Inc. v. Intellectual Ventures I LLC*, IPR2014-00527, Paper 41 at 10–11 (P.T.A.B. May 18, 2015). The Federal Circuit affirmed without opinion. 656 Fed. App'x 541 (Fed. Cir. 2016).

**B. The Library Records Demonstrate Dyson, Choi, and Oliveira were Publicly Accessible Before the Relevant Dates.**

That Dyson, Choi, and Oliveira qualify as "printed publications" is further supported by the testimony of Defendants' expert on library practices and cataloging, Dr. Sylvia Hall-Ellis. Dr. Hall-Ellis investigated and analyzed the MARC records of Dyson, Choi, and Oliveira and concluded they were each publicly available no later than the following specific dates:

| Publication | Publicly Available No Later Than[5] |
|---|---|
| Dyson | July 8, 1997 |
| Choi | December 10, 1996 (electronic) December 10, 1997 (print) |
| Oliveira | February 11, 1996 (electronic) July 26, 1996 (print) |

*See* Ex. 2, Hall-Ellis Decl. ¶ 30. These dates predate both the relevant §§ 102(a) and 102(b) dates.

Dr. Hall-Ellis' conclusions are based on the MARC records for these references. As Dr. Hall-Ellis explains, the dates in the relevant "Entered" and "008" fields in MARC records are the dates "the library first cataloged and indexed the underlying item." Ex. 2, Hall-Ellis Decl., ¶ 16. Therefore, "[t]he date of creation of the MARC record by a cataloger at an OCLC member institution reflects when the underlying item is accessible to the public." *Id.* ¶ 18. MARC

---

[5] Regardless of whether the Choi and Oliveira references are viewed from the print or electronic public availability dates, they are prior art.

records for Dyson, Hall, and Oliveira had been created prior to the relevant §§ 102(a) and 102(b) dates. Specifically:

- For Dyson, the MARC record contains an "Entered" date of "19970708" or July 8, 1997. SOF No. 3. July 8, 1997 is before July 9, 1998 (§ 102(b) date) and July 9, 1999 (§ 102(a) date).

- For Choi, the MARC record for an electronic copy contains an "Entered" date of "19961210" or December 10, 1996, and the MARC record for a print copy contains an "008" field of "971210s1997," or December 10, 1997. SOF No. 6. Both dates are before July 9, 1998 (§ 102(b) date) and July 9, 1999 (§ 102(a) date).

- For Oliveira, the MARC record for an electronic copy contains an "Entered" date "19960211" or February 11, 1996, and the MARC record for a print copy contains an "008" field of "960726s1996," or July 26, 1996. SOF No. 9. Both dates are before July 10, 1997 (§ 102(b) date) and July 10, 1998 (§ 102(a) date).

IV offers no contrary librarian declaration. Thus, according to the uncontroverted MARC records, Dyson, Hall, and Oliveira were each publicly accessible by the relevant priority dates.

### C. Evidence of Actual Access by POSITAs

Even though Defendants need not show the IEEE references were *actually accessed* by POSITAs,[6] the presence of such evidence further bolsters their public availability. Specifically, others cited Dyson as early as November 1998, Choi as early as May 1998, and Oliveira as early as May 1997, in their own papers. *See* Exs. 3, 5–8, 11. These citations are evidence that actual POSITAs did access and rely on Dyson, Choi, and Oliveira before the relevant dates.[7]

### D. IV's Objections Do Not Overcome Summary Judgment.

IV's sole objection to these prior art references—without any support—is that there is insufficient evidence of "indexing." Ex. 9. IV's indexing objection is legally and factually

---

[6] *See Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1569 (Fed. Cir. 1988) ("If accessibility is proved, there is no requirement to show that particular members of the public actually received the information.").

[7] Although the November 1998 article citing Dyson predates the relevant § 102(a) date but not the § 102(b) date, this is a distinction without a difference at this stage because IV has committed to priority dates for each of its patents. *See* Ex. 1.

insufficient to defeat summary judgment.  On the law, the Federal Circuit expressly rejects that indexing is a prerequisite to finding that a reference qualifies as a printed publication.  *See In re Klopfenstein*, 380 F.3d 1345, 1348–49 (Fed. Cir. 2004) (expressly rejecting the argument that a printed publication exists "*only* when there is distribution and/or indexing").  And on the facts, Dr. Hall-Ellis found that "as of cataloging" Dyson, Choi and Oliveira were each "indexed according to [each of their] subject matter[s] by virtue of at least three independently sufficient classifications."  *See* Ex. 2, Hall-Ellis Decl., ¶¶ V(d), VI(e), IX(e).

## IV.    CONCLUSION

Because the uncontroverted record clearly and convincingly establishes that Dyson, Choi, and Oliveira qualify as prior art printed publications and no reasonable juror would find otherwise, summary judgment is appropriate.

7

DATE: November 19, 2018

Asim M. Bhansali
  State Bar No. 90001290
  E-mail: abhansali@kblfirm.com
Kate E. Lazarus
  *Admitted Pro Hac Vice*
  E-mail: klazarus@kblfirm.com
**KWUN BHANSALI LAZARUS LLP**
555 Montgomery Street, Suite 750
San Francisco, California, 94111
Telephone: (415) 630-2350

R. Adam Lauridsen
  *Admitted Pro Hac Vice*
  E-mail: alauridsen@keker.com
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

**ATTORNEYS FOR T-MOBILE USA, INC. and T-MOBILE US, INC.**

Respectfully submitted,

By: */s/ Douglas M. Kubehl*

Douglas M. Kubehl
  Texas State Bar No. 00796909
  E-mail: doug.kubehl@bakerbotts.com
Jeffery S. Becker
  Texas State Bar No. 24069354
  E-mail: jeff.becker@bakerbotts.com
Johnson K. Kuncheria
  Texas State Bar No. 24070092
  Email: johnson.kuncheria@bakerbotts.com
Harrison G. Rich
  Texas State Bar No. 24083730
  E-mail: harrison.rich@bakerbotts.com
Steven T. Jugle
  Texas State Bar No. 24083280
  E-mail: steven.jugle@bakerbotts.com
Megan V. LaDriere
  Texas State Bar No. 24083348
  E-mail: megan.ladriere@bakerbotts.com
Bryan D. Parrish
  Texas State Bar No. 24089039
  Email: bryan.parrish@bakerbotts.com
Melissa L. Butler
  Texas State Bar No. 24097442
  E-mail: melissa.butler@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Melissa R. Smith
  Texas State Bar No. 24001351
  E-mail: melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR T-MOBILE USA, INC., T-MOBILE US, INC, TELEFONAKTIEBOLAGET LM ERICSSON, AND ERICSSON INC**

8

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail on November 19, 2018.

/s/ Douglas M. Kubehl
Douglas M. Kubehl

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this matter.

/s/ Douglas M. Kubehl
Douglas M. Kubehl