# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>　　Defendants. | Civil Action No. 2:17-cv-00577-JRG<br><br>**JURY TRIAL DEMANDED** |

**INTELLECTUAL VENTURES I LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. RE46,206**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. RESPONSE TO DEFENDANTS' STATEMENT OF ISSUES TO BE DECIDED ........ 1

III. IV'S RESPONSES TO DEFENDANTS' STATEMENTS OF FACTS ........................... 1

IV. IV'S STATEMENTS OF UNDISPUTED MATERIAL FACTS ...................................... 3

V. APPLICABLE LAW ........................................................................................................... 4

VI. ARGUMENT: THE USPTO ACTED WITHIN ITS PROPER DISCRETION IN ALLOWING INCORPORATION OF THE '156 APPLICATION BY REFERENCE INTO THE '454 APPLICATION ............................................................. 5

VII. CONCLUSION .................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**CASES**

*Baxter Intern., Inc. v. McGaw, Inc.*,
    149 F.3d 1321 (Fed. Cir. 1998) ................................................................................. 1, 5

*Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*,
    635 F.3d 1373 (Fed. Cir. 2011) ................................................................................. 1, 6

*Dickinson v. Zurko*,
    527 U.S. 150 (1999) ............................................................................................. 4, 6, 7

*Exxon Corp. v. Phillips Petroleum Co.*,
    265 F.3d 1249 (Fed. Cir. 2001) ..................................................................................... 4

*Gilead Sciences, Inc. v. Lee*,
    778 F.3d 1341 (Fed. Cir. 2015) ............................................................................. 4, 6, 7

*Hyatt v. Boone*,
    146 F.3d 1348 (Fed. Circ. 1998) ................................................................................... 4

*Intertrust Techs. Corp. v. Microsoft Corp.*,
    275 F.Supp.2d 1031 (N.D. Cal. 2003) ..................................................................... 5, 7

**STATUTES**

5 U.S.C. § 706 ........................................................................................................................ 4

5 U.S.C. § 706(2)(A) .............................................................................................................. 6

35 U.S.C. § 111 ................................................................................................................... 1, 5

35 U.S.C. §§ 111 and 112 ....................................................................................................... 7

35 U.S.C. § 112 ....................................................................................................................... 5

**OTHER AUTHORITIES**

MPEP .................................................................................................................................. 5, 7

MPEP 201.06(c)(A) ................................................................................................................ 7

MPEP 608.01(P)(I) ............................................................................................................. 4, 5

MPEP 608.01(p)(I)(A) ............................................................................................................ 5

**I.      INTRODUCTION**

Pursuant to 35 U.S.C. § 111, a patent application must include a specification, a drawing, and an oath or declaration. It is undisputed that the PTO had all of those elements in its possession by September 12, 2002. Defendants complain that the PTO's practice of using a form to allow cross-referencing of materials from one file to another somehow violates the statute. The argument is silly. The PTO has wide discretion to allow cross-referencing, and the needless refiling of materials already in the hands of the PTO serves no purpose. The situation here is wholly unlike *Baxter Intern., Inc. v. McGaw, Inc.*, 149 F.3d 1321 (Fed. Cir. 1998), where one of the critical parts of the application, the claims, was nowhere to be found. The PTO acted well within its authority in granting the instant application a filing date of September 12, 2002.

**II.     RESPONSE TO DEFENDANTS' STATEMENT OF ISSUES TO BE DECIDED**

Defendants' statement of Issue No. 1 is misleading because it wrongly assumes that the PTO did not receive a § 112-compliant specification for the '218 Patent until October 24, 2002. The full, § 112-compliant specification was in the PTO's possession on September 12, 2002. The real issue is whether the PTO has the discretion to allow cross-referencing of its own files, and to ask the question is to answer it.

**III.    IV'S RESPONSES TO DEFENDANTS' STATEMENTS OF FACTS**

**Response to Statement of Facts No. 2:**

IV disputes that the original, September 12, 2002, papers for U.S. Application No. 10/241,454 ("the '454 Application") did not include a copy of a specification. First, the papers filed on September 12, 2002 included claims (Ex. 1), and it is black-letter patent law that originally filed claims are part of the specification. *Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1380 (Fed. Cir. 2011).

In addition, the applicant's September 12, 2002, transmittal form indicated that the '454 Application was a continuation of U.S. Application No. 09/350,156 ("the '156 Application"), and incorporated the '156 Application by reference. Ex. 1 at 1. Thus, since the '156 Application was in the PTO's possession before September 12, 2002 (Ex. 2), a copy of the full specification of the '454 Application was in the possession of the PTO on September 12, 2002.

IV also disputes that it or its prosecution counsel admitted that there was no § 112-compliant specification. The deposition transcript excerpts cited by Defendants refer to a statement in the applicant's July 14, 2015, Petition that the September 12, 2002, papers did not include a "complete paper copy," not that there was no § 112-compliant specification at all. *See* Ex. 3, at IVMN00007241. During the deposition, Defendant's counsel misquoted the phrase "complete paper copy" as merely "copy" to make it look like no specification existed. Doc. 208-16, at 26:10-14.

**Response to Statement of Facts No. 4:**

IV disputes that October 24, 2002 was the first time that a specification for the '454 Application was filed. *See* Response to SOF No. 2, above.

**Response to Statement of Facts No. 5:**

IV disputes that the October 24, 2002 filing date printed on the '218 Patent was correct. The correct filing date was September 12, 2002. *See* Responses to SOF Nos. 2 and 4, above.

**Response to Statement of Facts No. 6:**

IV disputes that its July 14, 2015 Petition was to change the filing date of the '218 Patent. The Petition was to correct the erroneous filing date of October 24, 2002. Ex. 3.

**Response to Statement of Facts No. 7:**

IV objects to Defendants' SOF No. 7 because anticipation is a legal conclusion, not a statement of fact. The parties agree that the '098 Publication has a priority date of July 9, 1999.

**IV.  IV'S STATEMENTS OF UNDISPUTED MATERIAL FACTS**

8. As of September 12, 2002, when the '454 Application was filed, the PTO promulgated a standard form with a checkbox allowing a continuation to incorporate the entire parent application by reference.  Ex. 4.

9. The applicant of the '454 Application checked a box in the initial filing on September 12, 2002, stating that the application included a 158 - page specification, 41 sheets of drawings and one oath.  Ex. 1, at 1.  The inventor informed the PTO that the application was a continuing application of application No. 09/350,156, thus incorporating the specification of the '156 application by reference.  *Id.*[1]  It is undisputed that the PTO had a copy of the specification in its possession.  By an unintentional oversight by prior counsel's assistant, the initial, September 12, 2002, filing did not include a complete hardcopy of the incorporated '156 Application.  Ex. 3, at IVMN00007241.

10. The true quote from the applicant's form is:  "The incorporation <u>can only</u> be relied upon when a portion has been inadvertently omitted from the submitted application parts."  Ex. 1, at 1 (emphasis in original).  Defendants fabricate the extra words that they insert into the middle of this quote:  "'[of the disclosure]' as opposed to the entire disclosure."  Br. at 5.  In fact, the form makes no distinction between a "portion" and the "entire disclosure."  Ex. 1, at 1.

11. The PTO did not initially recognize the incorporation by reference of the '156 application into the '454 Application, but issued a Notice of Incomplete Application on October 15, 2002.  Ex. 5.  In response, on October 24, 2002, the applicant filed a paper copy of the '156 Application and petitioned for the '454 Application to be assigned its correct filing date of September 12, 2002.  Exs. 6, 7.  Because the USPTO never acted on that petition, the '454

---

[1] The applicant used a November 2000 version of the form, which had the same checkbox.

3

Application issued as the '218 Patent with an incorrect, October 24, 2002, filing date. Doc. 208-12.

12. On July 14, 2015, during pendency of the reissue of the '218 Patent that would later mature into the '206 Patent, the applicant filed a Petition seeking to correct the filing date of the '218 Patent (and thus the ultimate reissue patent) to its original filing date of September 12, 2002. Ex. 3. That petition was granted on May 23, 2016, on the ground that a specification for the '454 Application had been constructively included in the September 12, 2002 filing by virtue of the incorporation by reference of the '156 Application. Ex. 8, at IVMN00007855, 7858.

## V.  APPLICABLE LAW

Decisions of the PTO are governed by the Administrative Procedures Act, 5 U.S.C. § 706, and may not be set aside by a court unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Gilead Sciences, Inc. v. Lee*, 778 F.3d 1341, 1346 (Fed. Cir. 2015) (quoting 5 U.S.C. § 706(2)(A)); *Dickinson v. Zurko*, 527 U.S. 150, 152, 164 (1999). In particular, the choice of agency procedures such as filing formalities are within the administrative discretion of the PTO and are entitled to judicial deference, provided that they do not violate any statute. *Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249, 1252-53 (Fed. Cir. 2001); *see also Hyatt v. Boone*, 146 F.3d 1348, 1355-56 (Fed. Circ. 1998) ("Regularity of routine administrative procedures is presumed, and departure therefrom, should such have occurred, is not grounds of collateral attack. Courts should not readily intervene in the day-to-day operations of an administrative agency, especially when the agency practice is in straightforward implementation of the statute.")

During the relevant time period here, incorporation of subject matter into a U.S. patent application by reference to a prior U.S. patent application was not restricted by statute or regulation, but was entirely up to the discretion of the PTO. MPEP 608.01(p)(I) (8th ed., Aug.

2001) ("The Commissioner has considerable discretion in determining what may or may not be incorporated by reference in a patent application.") (citing *General Electric Co. v. Brenner*, 407 F.2d 1258, 1262 (D.C. Cir. 1968)).[2] Furthermore, "[e]ssential material," defined as "that which is necessary to (1) describe the claimed invention, (2) provide an enabling disclosure of the claimed invention, or (3) describe the best mode (35 U.S.C. 112)," could be incorporated by reference from a U.S. patent application. MPEP 608.01(p)(I)(A) (8th ed., Aug. 2001).

## VI. ARGUMENT: THE USPTO ACTED WITHIN ITS PROPER DISCRETION IN ALLOWING INCORPORATION OF THE '156 APPLICATION BY REFERENCE INTO THE '454 APPLICATION

Defendants characterize the PTO's actions as a statutory violation (Br. at 4-6), but the contention is frivolous. All Section 111 requires is that the "application shall include . . . a specification". The PTO had a specification sitting in file 09/350,156, the applicant identified that specification as the specification for the '454 applicant and then filed a new set of claims. There is no statutory requirement that the applicant send over another physical copy of a document already in the possession of the PTO. This case is unlike *Baxter*, in which there were no claims on file with the PTO and therefore no way to determine what was being claimed.

The PTO has broad authority to interpret the Patent Act, and when to accept incorporation by reference is a matter vested in the PTO as a government agency. MPEP 608.01(p)(I) (8th ed., Aug. 2001) ("The Commissioner has considerable discretion in determining what may or may not be incorporated by reference in a patent application."). At the time that the

---

[2] The MPEP itself is not binding on the PTO, but is only intended to serve as a reference work on PTO practices and procedures. MPEP Foreword (8th ed., Aug. 2001) ("The Manual does not have the force of law or the force of the rules in Title 37 of the Code of Federal Regulations."); *see also Intertrust Techs. Corp. v. Microsoft Corp.*, 275 F.Supp.2d 1031, 1043 n.8 (N.D. Cal. 2003) (noting that the MPEP does not constitute binding authority and does not restrict what the PTO may allow an applicant to incorporate by reference).

5

'454 Application was filed, the PTO even provided a standardized form with a checkbox to allow the filer of a continuation to incorporate the entire disclosure of the parent application by reference in the event that a portion of the application was inadvertently omitted. SOF No. 9. That is exactly what the applicant did here. *Id.* To hold now that the PTO's practice violates the statute would wreak havoc on the patent system.

When notified by the examiner that part of the complete paper copy of the application had been inadvertently admitted, the applicant did not merely provide a hardcopy at a later date as Defendants contend. Br. at 4. Instead, the applicant pointed out to the examiner that the parent '156 Application had already been incorporated by reference via the transmittal form, and petitioned the PTO to afford the '454 Application its correct filing date of September 12, 2002. SOF No. 11. Although the PTO never acted on that initial petition, the owner of the resulting '218 Patent later filed a reissue with a second petition to give the '454 Application its correct filing date of September 12, 2002. SOF No. 12. That petition was granted on the ground that "an incorporation by reference statement was included on initial deposit [, and thus] a specification was constructively included." SOF No. 12 (Ex. 8, at IVMN00007858). [3]

The PTO's decision to afford the '454 Application its correct filing date of September 12, 2002, was not barred by statute, nor was it "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Thus it may not be set aside by a court. *See* 5 U.S.C. § 706(2)(A); *Gilead*, 778 F.3d at 1346, *Dickinson*, 527 U.S. at 152, 164.

---

[3] A hard copy of the claims was included with the September 12, 2002, papers. Response to SOF No. 2. It is established law that "[o]riginal claims are part of the specification and in many cases will satisfy the written description requirement." *Crown Packaging*, 635 F.3d at 1380.

Defendants argue that MPEP 201.06(c)(A) prohibits incorporation by reference of material needed for a filing date.  Br. at 5.  But the MPEP does not have the force of law or regulation and cannot restrict the PTO from allowing material to be incorporated by reference.  MPEP Foreword (8th ed., Aug. 2001); *Intertrust*, 275 F.Supp.2d at 1043 n.8 (N.D. Cal. 2003).  And the PTOs's decision interpreting its own rules is entitled to deference.  *Gilead*, at 1346, *Dickinson*, at 152, 164.  Since Defendants do not contend that the '454 Application fails to satisfy 35 U.S.C. §§ 111 and 112 if the text of the '156 Application is included, the '454 Application was in compliance with those statutes on September 12, 2002.  There was no break in priority and no anticipation as a result.

**VII.    CONCLUSION**

Because the '454 Applicant was entitled to its September 12, 2002, filing date, there was no break in the priority chain.  The '454 Application, the '218 Patent, and the '206 patent are all entitled to a priority date no later than that of the '156 Application, July 9, 1999.[4]  The '098 Publication, whose priority date is also July 9, 1999, cannot render the '206 Patent invalid because it is not prior art.  Defendants' motion should be denied.

---

[4] The '206 Patent and its ancestors also claim priority to a July 10, 1998 provisional application, but that is not the subject of Defendants' motion.

DATED: December 10, 2018          Respectfully submitted,

/s/ *Martin J. Black*
Martin J. Black – **LEAD ATTORNEY**
Pennsylvania Bar No. 54319
Kevin M. Flannery
Pennsylvania Bar No. 62593
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
kevin.flannery@dechert.com

Justin F. Boyce
California Bar No. 181488
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4800
Fax: (650) 813-4848
justin.boyce@dechert.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Counsel for Plaintiff Intellectual Ventures I LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 10th day of December, 2018.

                                                  */s/ Martin J. Black*