# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Defendants. | Civil Action No. 2:17-cv-00577-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

**PLAINTIFF INTELLECTUAL VENTURES I LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'** ***DAUBERT*** **MOTION TO EXCLUDE EXPERT OPINIONS OF DR. DOUGLAS A. CHRISSAN**

**I.     INTRODUCTION**

There is no dispute that Dr. Chrissan has the expertise required to analyze the strengths and weaknesses of patents covering LTE technology. IV established that Dr. Chrissan performed a patent comparability analysis that is grounded in Federal Circuit case law and Ericsson's own licensing practices. In reply, Defendants rehash their opening arguments and respond to IV's arguments in generic terms, if at all, making it clear that their criticisms of Dr. Chrissan's analysis go to the weight of the evidence rather than its admissibility.

**II.    ARGUMENT**

    **A.    Defendants' Dispute Regarding Differences Between Its Licensing Practices and Dr. Chrissan's Analysis Goes to the Weight of the Evidence**



IV showed that Dr. Chrissan's and Dr. Bratic's coordinated technical-business analysis, intended to simulate hypothetical negotiations under *Georgia-Pacific*, ▮▮▮ Defendants reply with generic criticisms that ▮▮▮ These are plainly the type of complaints that go the weight of expert testimony, not admissibility, and Ericsson will have the opportunity to cross-examine Dr. Chrissan to attempt to show the jury ▮▮▮

Defendants' attempt to show that Dr. Chrissan offered no "real analysis" (Br. at 3) falls flat, and the sole example they selected shows that Dr. Chrissan provided specific grounds for his conclusions. Paragraph 149 of his report does not set forth a conclusory statement that the patent

1

at issue is likely to be found invalid. To the contrary, Dr. Chrissan specifically identified the concept at issue, explained that it was "simple" and that there was "nothing unique or novel about assigning a temporary ID to a remote station to base station connection," and explained that this was a "common" concept in the art. (Br. at 3). Defendants complain that "[n]o expert could easily replicate his analysis" (Br. at 4), but any expert, if it were true, could easily respond that the concept was **not** "simple" and "common" in the art. The next paragraph of Defendants' brief further proves the point for IV: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

### B. The *Mega Systems* Case Does Not Bar Dr. Chrissan's Opinions

Defendants rehash their argument on the *Mega Systems* case. (Br. at 5). IV showed that the case is facially vague, but seems to be directed to patent valuation in a bankruptcy case. There is no basis for broadly extending the case to preclusion of a technical expert offering technical analysis of patent comparability, a practice that has been well-established by the Federal Circuit to support a patentee's damages claim. *See, e.g.*, *Commonwealth Scientific & Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1303-04 (Fed. Cir. 2015); *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012).

Defendants grossly overreach by citing to Dr. Chrissan's testimony that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The remainder of Dr. Chrissan's cited testimony shows just the opposite. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬ The fact that the portfolio he analyzed here was larger than other portfolios he

2

analyzed is a subject for cross-examination if Defendants think that will be of importance to a jury, but it is plainly not grounds for exclusion.

## III.     CONCLUSION

For the foregoing reasons, IV respectfully requests that the Court deny Defendants' *Daubert* Motion.

DATED:  December 20, 2018    Respectfully submitted,


   /s/ Martin J. Black
Martin J. Black – **LEAD ATTORNEY**
Pennsylvania Bar No. 54319
Kevin M. Flannery
Pennsylvania Bar No. 62593
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
kevin.flannery@dechert.com

Justin F. Boyce
California Bar No. 181488
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4800
Fax: (650 813-4848
justin.boyce@dechert.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Counsel for Plaintiff Intellectual Ventures I LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served via e-mail, in accordance with Local Rule CV-5(d) on December 20, 2018 on the following counsel of record:

R. Adam Lauridsen
Justina K. Sessions
**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111
alauridsen@keker.com
jsessions@keker.com

Asim M. Bhansali
Kate Lazarus
**Kwun Bhansali Lazarus LLP**
555 Montgomery Street, Suite 750
San Francisco, California 94111
KBLTMUSIV@kblfirm.com

*Attorneys for T-Mobile USA Inc. and T-Mobile US Inc.*

Douglas M. Kubehl
Jonathan B. Rubenstein
Melissa L. Butler
Jeffrey S. Becker
Megan V. LaDriere
Steven T. Jugle
Harrison G. Rich
Johnson K. Kuncheria
Bryan D. Parrish
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
BBEDTXIVEricssonInternal@BakerBotts.com

5

Melissa R. Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
melissa@gillamsmithlaw.com

*Attorneys for T-Mobile USA Inc.,
T-Mobile US Inc., Ericsson, Inc. and
Telefonaktiebolaget LM Ericsson*

*/s/ Martin J. Black*
Martin J. Black

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document and attachments thereto are authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Martin J. Black*
Martin J. Black