# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON<br><br>   Defendants. | Civil Action No. 2:17-cv-00577-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

### PLAINTIFF INTELLECTUAL VENTURES I LLC'S MOTIONS *IN LIMINE*

## TABLE OF CONTENTS

                                                                                             **Page**

1. Exclude pejorative references to IV or NPE business model (e.g., 'patent troll,' 'non-practicing entity,' 'patent assertion entity,' 'a company that doesn't make anything,' or 'a company that doesn't sell anything') ......................................................... 1

2. Exclude evidence relating to Defendants' IPRs filed against the patents-in-suit .............. 2

3. Exclude non-infringement arguments or testimony based on comparing the accused products to Malibu Networks' product(s) and/or prototype system(s) ................ 2

4. Exclude evidence or argument relating to litigation between IV and Defendants in the District of Delaware ..................................................................................................... 4

5. Exclude evidence or argument that IV ███████████████████████████████ ███████████████████████████ ............................................................................ 5

6. Exclude evidence relating to uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative ............................................................. 6

7. Exclude attempts to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Hall-Ellis's declaration ................................................. 7

8. Exclude reference to the fact that any patent, claim, theory, or accused product or functionality has been dropped or dismissed from the case or any prior case ................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
  No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ..........................................9

*Broadcom v. Emulex Corp.*,
  SACV 09-01058-JVS, 2011 U.S. Dist. LEXIS 158649 (C.D. Cal. Aug. 10,
  2011) ......................................................................................................................................10

*C.R. Bard, Inc. v. Angiodynamics, Inc.*,
  No. 2017-1851, 2018 WL 4677441 (Fed. Cir. Sept. 28, 2018) ..................................................8

*Clintec Nutrition Co. v. Baxa Corp.*,
  No. 94 C 7050, 1998 WL 560284 (N.D. Ill. Aug. 26, 1998) .....................................................3

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
  No. 2:13-CV-01112-JRG, 2015 WL 11089490 (E.D. Tex. Sept. 4, 2015) ...............................1

*EcoServices, LLC v. Certified Aviation Servs., LLC*,
  No. CV 16-01824-RSWL-SP, 2018 WL 3090013 (C.D. Cal. June 19, 2018) .........................4

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*,
  No. 2:15-cv-00037-RWS-RSP, Dkt. 450 (E.D. Tex. July 25, 2017).........................................7

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
  276 F. Supp. 3d 629, 667 (E.D. Tex. 2017)..............................................................................8

*GenSci OrthoBiologics v. Osteotech, Inc.*,
  No. CV 99-10111 MRP, 2001 WL 36239743 (C.D. Cal. Oct. 18, 2001) ................................4

*Hilgraeve, Inc. v. Symantec Corp.*,
  271 F. Supp. 2d 964 (E.D. Mich. 2003)....................................................................................8

*Metaswitch Networks Ltd. v. Genband US LLC*,
  No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) ............................2

*NetAirus Techs., LLC v. Apple, Inc.*,
  No. LACV1003257JAKEX, 2012 WL 12884837 (C.D. Cal. Feb. 27, 2012) ..........................7

*Perdiemco, LLC v. Industrack LLC*,
  No. 2:15-cv-00727-JRG, Dkt. 250 (E.D. Tex Oct. 13, 2016).....................................................7

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
  No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016)...........................1

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
  No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015)...............................1

**TABLE OF AUTHORITIES**
**(Cont'd)**                                                              **Page(s)**

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
   2:15-cv-00349-JRG, Dkt. 458 (E.D. Tex. Mar. 2, 2017) ..........................................................1

*ServiceNow Inc. v. Hewlett-Packard Co.*,
   Case IPR2015-00716 .................................................................................................................8

*Smartflash LLC v. Apple Inc.*,
   No. 6:13-CV-447-JRG-KNM, 2015 WL 11089693 (E.D. Tex. Jan. 29, 2015) ........................4

*Voter Verified, Inc. v. Election Sys. & Software Inc.*,
   No. 609-CV-1969-ORL-19, 2011 WL 250426 (M.D. Fla. Jan. 25, 2011) ...............................8

*Woodland Tr. v. Flowertree Nursery, Inc.*,
   148 F.3d 1368 (Fed. Cir. 1998) .................................................................................................8

*Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*,
   19 F.3d 1418 (Fed. Cir. 1994) ...................................................................................................3

**STATUTES**

35 U.S.C. § 102 .................................................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ..................................................................................................................... passim

Fed. R. Evid. 403 ..................................................................................................................... passim

Fed. R. Evid. 408 ..............................................................................................................................6

1. **Exclude pejorative references to IV or NPE business model (e.g., 'patent troll,' 'non-practicing entity,' 'patent assertion entity,' 'a company that doesn't make anything,' or 'a company that doesn't sell anything')**

IV requests the Court to exclude any pejorative references to IV's business model or that of non-practicing entities generally. Defendants oppose this motion *in limine*, objecting to the parenthetical exemplary language. IV originally proposed language consistent with the above. Ex. 1 (12/18/18 1:01PM email from J. Abraham to M. LaDriere). Defendants' response deleted all exemplary terms other than "patent troll." *See id.* (12/18/18 email from M. LaDriere to J. Abraham). Eastern District case law supports an expansive prohibition on pejorative epithets for non-practicing entities. *See Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *1 (E.D. Tex. Sept. 21, 2016) (granting motion *in limine* prohibiting pejorative terms such as "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," and "playing the lawsuit lottery"); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089490, at *2 (E.D. Tex. Sept. 4, 2015) (granting motion *in limine* prohibiting pejorative terms including but not limited to, "patent trolls," "patent pirates," and "non-practicing entities"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (granting motion *in limine* prohibiting pejorative terms such as the following or similar terms: "patent troll," "patent assertion entity," "a company that doesn't make anything," or "a company that doesn't sell anything"); *see also Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 2:15-cv-00349-JRG, Dkt. 458 (E.D. Tex. Mar. 2, 2017) (same). Defendants seek to preserve the ability to present lines of argument that this Court has found to be inappropriate on multiple occasions. IV's motion should be granted.

**2.      Exclude evidence relating to Defendants' IPRs filed against the patents-in-suit**

IV requests the Court to exclude any references to Defendants' IPRs filed against the patents-in-suit under Federal Rules of Evidence 401 and 403.  Introducing evidence related to a parallel proceeding would be prejudicial to IV and create jury confusion.  IV's day in court should not be eclipsed by Defendants' belated attempt to pursue an alternative remedy before a different (administrative) tribunal.  *See* Dkt. 255 (Court's Order Denying Defendants' Renewed Motion to Stay Pending *Inter Partes* Review).  In fact, parties before this Court facing similar circumstances have previously agreed to keep such evidence from the jury.  *See Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831, at *3 (E.D. Tex. Mar. 1, 2016) (granting parties' agreed motion *in limine* to "Exclude any argument, testimony, evidence, or reference to any reexamination petition, *inter partes* review petition, or other post-grant review proceedings before the U.S. Patent & Trademark Office").  The same result should occur here.

**3.      Exclude non-infringement arguments or testimony based on comparing the accused products to Malibu Networks' product(s) and/or prototype system(s)**

Defendants have repeatedly attempted to take discovery regarding prior prototype and/or commercial systems developed by Malibu Networks, the former employer of the asserted patents' inventor Dr. Jacob Jorgensen.  *See, e.g.*:

- Ex. 2 (Jorgensen 8/22/18 Dep.) 143:11-150:15 at 144:14-21 (questioning Dr. Jorgensen regarding ███████████████████████).

- *Id.* 187:23-193:6 at 188:12-23 (questioning Dr. Jorgensen regarding █████████████████████████████████████████████████████████████).

- *Id.* 194:25-202:16 at 195:17-21 (questioning Dr. Jorgensen regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).

Defendants have then repeatedly cited to this inapposite evidence about Malibu's commercial system in irrelevant contexts, a strategy they hope to pursue at trial. For example, Defendants cited to Dr. Jorgensen's testimony relating to the Malibu prototype system, not any of the patents-in-suit, in support of their summary judgment filings. *See, e.g.*, Dkt. 205 (Defs. Motion for Partial Summary Judgment of Non-Infringement of the '629 Patent) at 2 n.5, 10-11; Dkt. 261 (Defs. Reply Brief) at 2 n.2. Defendants also submitted portions of Dr. Jorgensen's testimony regarding the Malibu prototype system in support of their claim construction positions. *See* Dkt. 130-31 (Defs. Motion for Leave to File a Sur-Reply in Support of Claim Construction Positions).

Defendants have indicated they plan to take the same tack in front of the jury, which will cause jury confusion and violate Federal Rules of Evidence 401 and 403. Courts routinely exclude evidence regarding a patentee's products or prototypes for invalidity or infringement purposes as irrelevant and unfairly prejudicial. *See Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) ("[I]t is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent."), *citing Martin v. Barber*, 755 F.2d 1564, 1567 (Fed. Cir. 1985) ("Infringement, either literal or by equivalence, is determined by comparing the accused device with the claims in suit, not with a preferred or commercial embodiment of the patentee's claimed invention."). The reasoning in *Zenith Labs* applies to both invalidity and infringement. *See Clintec Nutrition Co. v. Baxa Corp.*, No. 94 C 7050, 1998 WL 560284, at *8 (N.D. Ill. Aug. 26, 1998) ("[The disputed] evidence is

not relevant to infringement since [plaintiff]'s actual [device] may not be compared with [defendant's device]. It is [plaintiff]'s claims that count. The possible prejudicial effect is obvious."); *see also Smartflash LLC v. Apple Inc.*, No. 6:13-CV-447-JRG-KNM, 2015 WL 11089693, at *1 (E.D. Tex. Jan. 29, 2015) (granting motion *in limine* preventing defendant from "presenting arguments or opinions that compare or contrast the accused products to smart card or commercial embodiments"); *see also, e.g.*, *EcoServices, LLC v. Certified Aviation Servs., LLC*, No. CV 16-01824-RSWL-SP, 2018 WL 3090013, at *3 (C.D. Cal. June 19, 2018) (granting motion *in limine* to exclude discussions of plaintiff's prototype as irrelevant, confusing, and misleading to the jury); *GenSci OrthoBiologics v. Osteotech, Inc.*, No. CV 99-10111 MRP, 2001 WL 36239743, at *7 (C.D. Cal. Oct. 18, 2001) (granting motion *in limine* on grounds that "the jury should not be lead [sic] to believe . . . that the accused products should be compared to anything other than the claims of the patents-in-suit").

**4.    Exclude evidence or argument relating to litigation between IV and Defendants in the District of Delaware**

IV requests the Court to exclude evidence or argument relating to litigation between IV and Defendants in the District of Delaware. Defendants have not established any relevance to the evidence under Federal Rule of Evidence 401, and the risk of jury confusion bars introduction of the evidence under Federal Rule of Evidence 403.

In particular, at several points in this litigation, Defendants have suggested that IV has somehow acted improperly by bringing multiple lawsuits against Defendants in connection with different patents owned by IV, e.g.:

- Dkt. 80 at 9 (Defs. Resp. in Opposition to IV's Motion for Leave to Amend Infringement Contentions): "IV offers no explanation for why it did not assert the Jorgensen Patents of this case against Ericsson's scheduler in the Delaware

4

litigation after inspecting source code for Ericsson's scheduler accused of infringing a related Jorgensen patent."

- Dkt. 132 at 10 (Defs. Motion to Stay Pending IPR): "If IV is willing to wait *six years* to sue Defendants on these patents, and indeed sued Defendants on other patents (including a related patent) in the interim . . . " (emphasis in original).

- Ex. 3 (Jorgensen 8/23/18 Dep.) 324:21-326:9: ███████████████████ ███████████████████████████████████████████████ ███████████

Defendants have refused to agree to this motion, suggesting that they intend to try to inject the Delaware proceedings into the trial here. The Court should grant this motion *in limine* so that this trial can proceed without distracting the jury with references to other lawsuits before other tribunals.

**5.     Exclude evidence or argument that** ███████████████████ ███████████████████████

In connection with meet-and-confer discussions between the parties, Defendants proposed to exclude "evidence, argument, or suggestion that ███████████████ ████████████████████████████████████████████████ ████████." IV responded that it would consider such a proposal if Defendants agreed to include the converse proposition, as well—i.e., exclusion of all evidence relating to both the presence or absence of ████████████████████████. *See* Ex. 4 (12/18/18 7:45PM email from J. Abraham to M. LaDriere). Defendants rejected this proposal. *See id.* (12/19/18 email from M. LaDriere to J. Abraham). IV can only conclude that Defendants thus intend to present argument regarding ██████████████████████████████████████.

5

In fact, there were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and a lengthy history of litigation between the parties in Delaware and the PTAB. However, ▮▮▮▮▮▮▮ are irrelevant under Federal Rule Evidence 401 and in any case, should be excluded under Federal Rule Evidence 403 due to the obvious potential for prejudice. They are also inadmissible under Federal Rule Evidence 408 as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

More importantly, no party bears ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court should thus grant IV's motion *in limine*, so as to prevent Defendants from diverting the jury's attention from the core issues in this case—i.e., infringement, invalidity, and damages—to the parties' irrelevant ▮▮▮▮▮.

6. **Exclude evidence relating to uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative**

IV requests the Court to exclude (a) references to uncharted prior art and (b) displays of uncharted prior art in the guise of demonstratives. Defendants' invalidity expert Dr. Acampora presented an exhaustive list of the prior art upon which his opinions were grounded. *See* Ex. 5 (Acampora Report) ¶ 161. But elsewhere in his report, Dr. Acampora references additional, uncharted references, e.g.:

- Chun-Chuan Yang & Jau-Hsiung Huang, "A Multimedia Synchronization Model and Its Implementation in Transport Protocols," IEEE Journal on Selected Areas in Communications, Vol. 14, No. 1, Jan. 1996. *See, e.g., id.* ¶¶ 253, 645, 721.
- ACTS Project AC085, Wireless ATM Demonstrator, The Magic WAND. *See, e.g., id.* ¶ 1700, 1701, 1859.

Allowing Defendants to present these references, and any uncharted prior art other than

6

as specifically delineated in paragraph 161 of Dr. Acampora's report, at trial would be unfairly prejudicial to IV.  *See* Fed. R. Evid. 403.  IV's motion *in limine* seeks to exclude Defendants from presenting all specific prior art references not asserted in connection with a particular invalidity argument, consistent with recent rulings from this Court prohibiting accused infringers "from relying on uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims," including "introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative."  *See, e.g.*, *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*, No. 2:15-cv-00037-RWS-RSP, Dkt. 450 (E.D. Tex. July 25, 2017); *see also Perdiemco, LLC v. Industrack LLC,* No. 2:15-cv-00727-JRG, Dkt. 250 (E.D. Tex Oct. 13, 2016) (granting motion *in limine* prohibiting reliance "on uncharted prior art to prove invalidity," introduction of "uncharted prior art as an exhibit," and display of "uncharted prior art to the jury as a demonstrative").

**7. Exclude attempts to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Hall-Ellis's declaration**

IV requests the Court to exclude any references to or arguments relying on third-party citations when trying to prove public availability of prior art references.  Defendants have made clear in their motion to for summary judgment on the availability of prior art that they intend to use an impermissible method to establish the priority date of certain references.  *See, e.g.*, Dkt. 210 (Defs. Motion for Partial Summary Judgment That Certain Disputed References Are Prior Art) Exs. 5, 7, 11 (Google Scholar search results relating to certain disputed prior art references).

Defendants bear the burden to establish by clear and convincing evidence that the prior art they assert was "known or used by others in this country" prior to the invention of the asserted patents.  35 U.S.C. § 102(a); *see also, e.g.*, *NetAirus Techs., LLC v. Apple, Inc.*, No. LACV1003257JAKEX, 2012 WL 12884837, at *5 (C.D. Cal. Feb. 27, 2012).  *See generally*

7

*Woodland Tr. v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998) ("to invalidate a patent based on prior knowledge or use, that knowledge or use must have been available to the public"). A mere collateral citation by a third-party source to the purported piece of prior art—even if prior to the invention—does not establish public availability. Rather, it simply suggests that *one* person was aware of the prior art through *any* means at *some* time before invention occurred. *Cf. C.R. Bard, Inc. v. Angiodynamics, Inc.*, No. 2017-1851, 2018 WL 4677441, at *4-5 (Fed. Cir. Sept. 28, 2018) ("At most, LaForce says he distributed an unidentified number of copies on an unidentified date to unidentified people").

Defendants in other cases have similarly, and unsuccessfully, tried to elide the distinction between actual availability to the public and simple citation by a third party. *See, e.g.*, *C.R. Bard*, 2018 WL 4677441, at *4-5 (rejecting request to "assume" finding by Board "that IsoMed was distributed along with IsoMed devices"); *Voter Verified, Inc. v. Election Sys. & Software Inc.*, No. 609-CV-1969-ORL-19, 2011 WL 250426, at *5 (M.D. Fla. Jan. 25, 2011), *aff'd sub nom. Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374 (Fed. Cir. 2012) (record insufficient to support public availability where there was "no evidence relating to the manner in which the paper or the proceedings from the conference were published, nor [was] there evidence to establish how the paper was made available to persons interested in the art, or how a person interested in the art would have been able to locate it"); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 667 (E.D. Tex. 2017), *aff'd*, 739 F. App'x 643 (Fed. Cir. 2018) (declining to find public availability where "testimony indicated only that a catalog containing an advertisement of the publication—not the publication itself—was sent to persons who had expressed an interest in Dr. Cheung's work, not persons of skill in the art," and "there

8

was no evidence that the publication could be found in any other locations or obtained from any source except directly from Dr. Cheung").[1]

This Court should grant IV's motion *in limine* to preclude Defendants' reliance on collateral citations to prove public availability of disputed prior art references.

**8.     Exclude reference to the fact that any patent, claim, theory, or accused product or functionality has been dropped or dismissed from the case or any prior case**

IV requests the Court to exclude any references to the fact that any patent, claim, theory, or accused product or functionality has been dropped from this or any prior case. The "act of dropping a claim or instrumentality" is simply not "evidence of non-infringement as to that claim or instrumentality." *Adv. Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-cv-135, 2010 WL 11451797, at *7 (E.D. Tex. Mar. 31, 2010). But Defendants' summary judgment papers dwell at some length upon IV's previously-asserted infringement theory relating to ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ in support of Defendants' current non-infringement theories. *See, e.g.*, Dkt. 205 (Defs. Motion for Partial Summary Judgment of Non-Infringement of the '629 Patent) at 4-5 ¶¶ 4-5, 8 ("unlike the originally accused ▓▓▓▓▓▓▓▓▓ . . .").

Granting this motion *in limine* thus avoids "'sideshow' litigation about dropped claims and instrumentalities," which "would cause undue prejudice, jury confusion, and waste of time." *Adv. Tech. Incubator*, 2010 WL 11451797 at *2 (citing Fed. R. Evid. 403). "To the extent there is any probative value" in discussing dropped claims, "presentation of such evidence would get into the reasons for withdrawing certain counts which would prove confusing and consume an

---

[1] The introduction of such evidence may also violate the hearsay rule. The "truth of the matter asserted" by a third-party collateral citation is that the prior art was known or used by the author of the collateral citation, thus rendering Defendants' use hearsay. *See Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964, 974-75 (E.D. Mich. 2003) (collecting cases); *ServiceNow Inc. v. Hewlett-Packard Co.*, Case IPR2015-00716, Paper No. 13 at 16 (PTAB 2015).

9

undue amount of time.  Such evidence could also prove unduly prejudicial." *Broadcom Corp. v. Emulex Corp.*, SACV 09-01058-JVS, 2011 U.S. Dist. LEXIS 158649, at *2 (C.D. Cal. Aug. 10, 2011) (citing Fed. R. Evid. 403).

DATED:  December 19, 2018                              Respectfully submitted,


/s/ *Martin J. Black*
Martin J. Black – **LEAD ATTORNEY**
Pennsylvania Bar No. 54319
Kevin M. Flannery
Pennsylvania Bar No. 62593
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
kevin.flannery@dechert.com

Justin F. Boyce
California Bar No. 181488
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4800
Fax: (650) 813-4848
justin.boyce@dechert.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Counsel for Plaintiff Intellectual Ventures I LLC*

## CERTIFICATE OF CONFERENCE

Per Local Rule CV-7(h)-(i), counsel for IV and counsel for Defendants conferred via teleconference on December 17 and 19, 2018. Kevin Flannery, Joseph Abraham, Claire Henry, and Andrea Fair, among others, participated on behalf of IV. Jonathan Rubenstein and Megan LaDriere, among others, participated on behalf of Defendants. Agreements were reached as to several proposed motions *in limine*, but no such agreement could be reached regarding those motions that are the subject of this briefing, and the parties ended in an impasse. Defendants have indicated that they are opposed to this motion.

*/s/ Martin J. Black*
Martin J. Black

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document and attachments thereto are authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Martin J. Black*
Martin J. Black

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served via e-mail, in accordance with Local Rule CV-5(d) on December 19, 2018 on the following counsel of record:

R. Adam Lauridsen
Justina K. Sessions
**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111
alauridsen@keker.com
jsessions@keker.com

Asim M. Bhansali
Kate Lazarus
**Kwun Bhansali Lazarus LLP**
555 Montgomery Street, Suite 750
San Francisco, California 94111
KBLTMUSIV@kblfirm.com


*Attorneys for T-Mobile USA Inc. and T-Mobile US Inc.*

Douglas M. Kubehl
Jonathan B. Rubenstein
Melissa L. Butler
Jeffrey S. Becker
Megan V. LaDriere
Steven T. Jugle
Harrison G. Rich
Johnson K. Kuncheria
Bryan D. Parrish
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
BBEDTXIVEricssonInternal@BakerBotts.com

Melissa R. Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
melissa@gillamsmithlaw.com

*Attorneys for T-Mobile USA Inc.,*
*T-Mobile US Inc., Ericsson, Inc. and*
*Telefonaktiebolaget LM Ericsson*

*/s/ Martin J. Black*

15