**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>     Defendants. | Civil Action No. 2:17-cv-00577-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>████████████ |

**PLAINTIFF INTELLECTUAL VENTURES I LLC'S SURREPLY IN FURTHER
OPPOSITION TO DEFENDANTS' RULE 702 AND DAUBERT
<u>MOTION TO EXCLUDE EXPERT OPINIONS OF MR. WALTER BRATIC</u>**

# TABLE OF EXHIBITS

(submitted in support of IV's Opposition Brief, D.I. 240)

| Exhibit | Description | Abbreviation |
|---------|-------------|--------------|
| A | Expert Report of Walter Bratic, dated Oct. 12, 2018 (Excerpted) | Bratic Rep. |
| B | Supplemental Expert Report of Walter Bratic, dated Nov. 21, 2018 (in full) | Bratic Supp. Rep. |
| C | Deposition of Walter Bratic, Jan. 31-Feb. 1, 2017 (Excerpted) | Bratic 2017 Dep. |
| D | Deposition of Walter Bratic, Nov. 5, 2018 (Excerpted) | Bratic 2018 Dep. |
| E | Deposition of ███████, Aug. 10, 2016 (Excerpted) | ███ 2016 Dep. |
| F | Deposition of ███████, Oct. 9, 2018 (Excerpted) | ███ 2018 Dep. |
| G | Supplemental Expert Report of Douglas Chrissan, Nov. 21, 2018 (in full) | Chrissan Supp. Rep. |
| H | Deposition of Douglas Chrissan, Nov. 15, 2018 (Excerpted) | Chrissan Dep. |
| I | Corrected Witness Statement of Patricio Delgado, Feb. 24, 2017 (in full) | Delgado Decl. |
| J | Witness Declaration of Luke McLeroy, Jan. 11, 2017 (in full) | McLeroy Decl. |

## I.  ARGUMENT:  MR. BRATIC'S ANALYSES ARE RELIABLE

### A.  Mr. Bratic's ██████████ Methodology Is Reliable

Defendants argue that ████████████████████████████████████ ████ "is entirely different than ████████████████████████ ██████████████ Reply Br. at 1.  This argument misconstrues Mr. Bratic's opinion, which is not that ████████████████████████████████—but rather that ██████████████████████████████████████████████ Bratic Rep. ¶¶ 149, 322; *see also* Bratic 2017 Dep. 205:20-206:21 (████████████ ██████████████████████████████████████████ ██████████████████████).  Defendants also completely ignore the testimony of ██████████████████████████████████ ████████████████████████████████████ 2016 Dep. 74:8-15, 79:15-80:5.  To the extent that Defendants argue that Mr. Bratic "mischaracterize[s] the testimony ██████████████ to draw false support for his royalty model" (Reply Br. at 1)—which accusation IV disputes, but leaves to the trier of fact to evaluate—such issues are appropriate for cross-examination, not exclusion.

Nor is Mr. Bratic's reliance on ██████████ a "double recovery," as Defendants allege. Reply Br. at 3.  Defendants' argument that IV "should not be able extract a separate royalty against another party that is based on ████████████████████████████" (Reply Br. at 3) is first raised on reply, and thus improper.  *See* L.R. CV-7(f).  Regardless, this accusation is incorrect, as Mr. Bratic's damages model is based not on ██████████ but "███████████████ ████████████████."  Br. at 8.  Mr. Bratic simply uses ██████████ as an input to his calculations so he can properly "account for differences in the technologies and economic circumstances" between ████████████████████████ and the hypothetical negotiation

relating to ███████████████████. *Finjan, Inc. v. Secure Computing Corp.*, 626 F. 3d 1197, 1211 (Fed. Cir. 2010). IV's handset licenses cover entirely different products than the ███████████████, leaving Mr. Bratic's opinions outside the prohibition in *Glenayre Electrics, Inc. v. Jackson*, disallowing double recovery for the same "use." 443 F.3d 851, 864 (Fed. Cir. 2006).

Defendants' argument that IV "misconstrues" *Sprint Communications Co., L.P. v. Time Warner Cable, Inc.*, restricts that decision's applicability to identical facts. Reply Br. at 4, citing No. 2017-2247, 2018 WL 6266319, at *5 (Fed. Cir. Nov. 30, 2018). This contradicts Federal Circuit law, which holds that an expert basing a damages opinion on a comparable reference need not establish "identity of circumstances," so long as the expert appropriately "account[s] for differences in the technologies and economic circumstances," which Mr. Bratic does. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014), citing *Finjan*, 626 F. 3d at 1211.[1]

## B.   Mr. Bratic's Reliance on Dr. Chrissan's Technical Valuation Is Reliable

Defendants' attempt to erect an artificial wall segregating technical and economic value both violates common sense, and flies in the face of Ericsson's own internal licensing practices. In Ericsson's license negotiations, the parties "typically exchange representative claim charts that are used as a proxy for the overall strength of the portfolios to be licensed," following which the parties engage in a "business discussion phase [that] is heavily influenced by the parties' technical discussions and analysis regarding the relative value of the portfolios." McLeroy Decl. ¶ 7, 11. Mr. McLeroy notably describes no explicit technical-to-economic conversion, as Defendants apparently argue that Mr. Bratic must apply. *See id.* ¶ 22 ("the negotiated royalty

---

[1] Note also that Mr. Bratic relies on the *Verizon v. Vonage* litigation only for the limited proposition that his "███████████████████" is a reasonable format. Br. at 14.

rates in Ericsson's licenses" are based on the "technical merits of Ericsson's patents").  Mr.

Delgado similarly testified that "in a license negotiation there is no ultimate adjudication of these

separate issues" that may be included in the technical discussions—e.g., "essentiality, validity,

use, claim construction . . . , metrics of relative essential patent portfolio strength . . . , and so

on."  Delgado Decl. ¶ 8.  Rather, what Ericsson's licensees "agreed to pay for a license . . .

shows what sophisticated industry participants truly believed was a reasonable value . . . , after

considering all of the technical and royalty-related arguments."  *Id.* ¶ 47.

Defendants' reliance on *Realtime Data LLC v. Oracle America*, *Inc.*, is not to the

contrary.  Reply Br. at 2-3, citing Case No. 6:16-cv-88, Dkt. 137 (E.D. Tex. Mar. 22, 2017).  In

*Realtime*, the Court precluded a damages expert from "rely[ing] on the technical value [the

technical expert] ascribes to *the infringing features of the accused products* in determining a

proper apportionment value."  *Id.* at 10 (emphasis added).[2]  Defendants' objections herein to Dr.

Chrissan's technical valuation do not concern such an "apples-to-oranges" comparison.  Rather,

Dr. Chrissan compares, in an "apples-to-apples" fashion, the technical value of the Malibu

patents against the technical value of the Ericsson-ZTE Proud List.  Indeed, Defendants

explicitly acknowledge this fact:  "Dr. Chrissan has simply performed a naked comparison of

patents to other patents."  Reply Br. at 2 (Defendants' "simply" and "naked" editorializing

aside).  The economic value that Mr. Bratic then derives from that comparison is already

accounted for, via ███████████████████████████████████████████████

███████████████████████████████████████████.

The survey data referenced in *Summit 6* and the marketing materials referenced in

---

[2] IV also notes that the expert precluded in *Realtime* "consistently failed to provide responsive
answers to Oracle's questions" so as to "prevent[] a meaningful cross-examination of the basis of
[the expert's] opinions"—conduct not alleged here.  Case No. 6:16-cv-88, Dkt. 137 at 14-16.

*Cioffieta* [sic] are simply different metrics for evaluating the economic value of technical

features, which in this case is already accounted for by ████████████████. *See*

*Summit 6*, 802 F.3d 1297 (approving methodology in which expert "estimated that at least 20.8%

of camera users utilized the camera for the infringing features rather than for other camera-

related features" and then "concluded that 20.8% of . . . revenue for including the camera

component in each phone . . . was due to the infringing features"); *Cioffieta* [sic] *v. Google, Inc.*,

No. 2:13-CV-00103-JRG-RSP, 2017 WL 77395, at *3 (E.D. Tex. Jan. 9, 2017), *objections*

*overruled sub nom. Cioffi v. Google, Inc.*, 2017 WL 235011 (E.D. Tex. Jan. 19, 2017) ("In the

context of Bratic's opinion, there is little difference between technical and economic

contribution.").

### C.    **Mr. Bratic's ████████████ Methodology Is Reliable**

Defendants attack Mr. Bratic for "ignor[ing] the testimony of IV's own witness" relating

to the ████████. Reply Br. at 4-5. Mr. Bratic does not "ignore" ████████—he notes



████████████████████████████████████████

████████████████████████ Bratic Rep. ¶ 149.

Defendants' accusation that Mr. Bratic "makes no attempt to reconcile his [████████████

methodology] with ████████ testimony" (Reply Br. at 4) is also incorrect. Mr. Bratic notes,

based on discussions with ████████████████████████████████

████████████████████████ Bratic Rep. ¶ 147. When ██

████████████████████████████████

████████████████████████, and Mr. Bratic relied on ██

████████████████████████████████████

████████████████████. *Id.* ¶ 148. There is

thus no inconsistency between Mr. Bratic's ████████████████████

methodologies:  Each is based on 

————the ▒▒▒▒▒▒▒▒▒▒ for one, and the ▒▒▒▒▒▒▒▒▒

▒▒▒▒▒▒▒▒ for the other.

Defendants' lone authority, *Limelight Networks, Inc. v. XO Communications, LLC*,

involved an expert who did not apportion value within a "bucket" of patents even though the

expert "acknowledge[d] that the bucket contains at least one other fundamental patent."  No.

3:15-cv-720-JAG, 2018 WL 678245, at *8 (E.D. Va. Feb. 2, 2018).  In contrast, here Mr. Bratic

properly relies on ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒, and Dr.

Chrissan's analysis thereof.  Defendants do not address IV's authorities.  *See, e.g.*, *Campbell ex*

*rel. Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179, 186 (2d Cir. 2001)

("inconsistencies . . . go to the weight of the evidence, not to its admissibility"); *Gibson Guitar*

*Corp. v. 745 LLC*, No. 3:11-0058, 2012 WL 90445, at *10 (M.D. Tenn. Jan. 11, 2012)

("inconsistencies . . . . go to the weight, not the admissibility of [expert's] testimony").

### D.     Mr. Bratic's Supplemental Report Is Reliable

Defendants now complain that "Dr. Chrissan (in his [supplemental] report and at

deposition) provides only the barest explanation for how he reached the values he assigns to each

of the 'concepts' he believes the Malibu patents cover."  Reply Br. at 5.  This issue is properly

addressed not to Mr. Bratic, but to Dr. Chrissan—and Defendants declined to do so in their

motion to exclude Dr. Chrissan's opinions.  D.I. 211, 254.  Again, it is improper for Defendants

to raise new arguments on reply.  *See* L.R. CV-7(f).  Defendants' allegation that "Dr. Chrissan's

supplemental report is itself unreliable" is thus unproven, and it remains proper for Mr. Bratic to

rely on it.  *See, e.g.*, *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1377 (Fed. Cir.

2017) (damages expert "reasonably relied" on another expert's cost-savings estimate because

that expert "relied on his decades of experience" which "adequately qualified him").

DATED:  December 21, 2018

Respectfully submitted,

/s/ *Martin J. Black*
Martin J. Black – **LEAD ATTORNEY**
Pennsylvania Bar No. 54319
Kevin M. Flannery
Pennsylvania Bar No. 62593
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
kevin.flannery@dechert.com

Justin F. Boyce
California Bar No. 181488
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4800
Fax: (650) 813-4848
justin.boyce@dechert.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Counsel for Plaintiff Intellectual Ventures I
LLC*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal along with attachments because it contains material designated by the parties as confidential pursuant to the Stipulated Protective Order entered in this case (Dkt. 64).

_/s/ Martin J. Black_

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served via e-mail, in accordance with Local Rule CV-5(d) on December 21st, 2018 on the following counsel of record:

R. Adam Lauridsen
Justina K. Sessions
**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111
alauridsen@keker.com
jsessions@keker.com

Asim M. Bhansali
Kate Lazarus
**Kwun Bhansali Lazarus LLP**
555 Montgomery Street, Suite 750
San Francisco, California 94111
KBLTMUSIV@kblfirm.com

*Attorneys for T-Mobile USA Inc. and T-Mobile US Inc.*

Douglas M. Kubehl
Jonathan B. Rubenstein
Melissa L. Butler
Jeffrey S. Becker
Megan V. LaDriere
Steven T. Jugle
Harrison G. Rich
Johnson K. Kuncheria
Bryan D. Parrish
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
BBEDTXIVEricssonInternal@BakerBotts.com

Melissa R. Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
melissa@gillamsmithlaw.com

*Attorneys for T-Mobile USA Inc.,*
*T-Mobile US Inc., Ericsson, Inc. and*
*Telefonaktiebolaget LM Ericsson*

*/s/ Marty J. Black*