# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Defendants. | Civil Action No. 2:17-cv-00577-JRG<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF INTELLECTUAL VENTURES I LLC'S
## BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE*

**TABLE OF CONTENTS**

Page

1. No evidence or argument of secondary considerations of non-obviousness, because no nexus was alleged or proven .................................................................. 1

2. No evidence, argument, or suggestion regarding any government or regulatory investigations into Ericsson or T-Mobile ........................................................... 4

3. No evidence, argument, or suggestion regarding Ericsson or T-Mobile's total company revenue, profit, market capitalization, net worth, or other similar revenue claims ...................................................................................................... 4

4. No improper argument regarding the burden of proof or analogizing the burdens of proof in this case to standards used in other areas of the law that may be prejudicial (e.g., family law, personal injury, criminal law, or fraud) ............................. 5

5. No evidence, argument, or suggestion that Malibu Networks, Inc. ("Malibu") or IV ever communicated with Ericsson or T-Mobile regarding the Patents-in-Suit prior to filing of the suit ....................................................................................... 6

6. No evidence, argument, or suggestion that any third-party licensee ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ............ 7

7. No evidence, argument, or suggestion regarding an affirmative reference to any matters or communications as to which the offering party asserted privilege, including, but not limited to, any references to any pre-suit investigation performed by IV and any evidence over which IV has claimed privilege ........................ 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ABS Glob., Inc. v. Inguran, LLC*,
   No. 14-cv-503-wmc, D.I. 576 (W.D. Wis. July 25, 2016) ..........................................................8

*Addington v. Texas*,
   441 U.S. 418 (1979)..................................................................................................................5

*In re Affinity Labs of Tex., LLC*,
   856 F.3d 883 (Fed. Cir. 2017)....................................................................................................1

*AMAG Pharm. v. Sandoz, Inc.*,
   No 16-cv-1508, 2018 WL 1041035 (D.N.J. Feb. 22, 2018) ......................................................2

*Blitzsafe Tex., LLC v. Honda Motor Co.*,
   No. 2:15-CV-01274-JRG-RSP, D.I. 390 (E.D. Tex. Jan. 13, 2017).......................................2, 8

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
   563 F. Supp. 2d 508 (D.N.J. 2008) ............................................................................................2

*Chicago Bd. Options Exch. v. Int'l Secs. Exch.*,
   No. 1:07-C-623, D.I. 696 (N.D. Ill. Mar. 6, 2013) ....................................................................1

*Cellular Commc'ns Equip. LLC v. Apple Inc.*,
   No. 6:14-cv-251-KNM, D.I. 261 (E.D. Tex. Sept. 2, 2016)......................................................8

*Civix DDI, LLC v. Hotels.com, L.P*,
   No. 05 C 6869, 2012 WL 6591684 (N.D. Ill. Dec. 18, 2012) ...................................................1

*Dataquill Ltd. v. Huawei Techs. Co.*,
   2:13-CV-00633-JRG-RSP, D.I. 148 (E.D. Tex. June 11, 2015)................................................2

*DataTreasury v. Wells Fargo & Co.*,
   No. 2:06-CV-72-DF, D.I. 1982 (E.D. Tex. Feb. 26, 2010) .......................................................8

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*,
   902 F.3d 1372 (Fed. Cir. 2018)..................................................................................................6

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*,
   No. 1:13-cv-1671 (D. Del.)........................................................................................................6

*Johns Hopkins Univ. v. Alcon Labs. Inc.*,
   No. CV 15-525, 2018 WL 4178159 (D. Del. Aug. 30, 2018) ...................................................3

# TABLE OF AUTHORITIES
(Cont'd)                                                                                                          **Page(s)**

*Neely v. Wilson*,
   418 S.W.3d 52 (Tex. 2013)..................................................................................................5

*Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*,
   75 F.3d 1568 (Fed. Cir. 1996)..............................................................................................1

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
   No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016).......................2, 6

*St. Lawrence Commc'ns LLC v. ZTE Corp.*,
   No. 2:15-cv-349-JRG, D.I. 455 (E.D. Tex. Feb. 21, 2017) ..................................................5

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016)............................................................................................1

**Statutes**

Tex. Fam. Code § 3.003.................................................................................................................5

Tex. Fam. Code § 101.007.............................................................................................................5

**Other Authorities**

5th Cir. Pattern Jury Instruction § 2.17........................................................................................5

Plaintiff Intellectual Ventures I LLC files this brief in opposition to Defendants' motions *in limine* (D.I. 266).

**1.   No evidence or argument of secondary considerations of non-obviousness, because no nexus was alleged or proven**

Defendants are correct that secondary considerations of non-obviousness are issues of fact on which IV bears the burden of proof, should any of the asserted claims be "found otherwise obvious under § 103." Defs. Br. at 1. However, "determining whether a sufficient nexus exists is a factual issue for the jury to decide, not for the Court to decide based on a motion *in limine*." *Civix DDI, LLC v. Hotels.com, L.P*, No. 05 C 6869, 2012 WL 6591684, at *5 (N.D. Ill. Dec. 18, 2012) (citing *Spectralytics, Inc. v. Cordis Corp.*, 649 F.3d 1336, 1344 (Fed. Cir. 2011)); *see also Chicago Bd. Options Exch. v. Int'l Sec. Exch.*, No. 1:07-C-623, D.I. 696 at 1 (N.D. Ill. Mar. 6, 2013) ("Whether [patentee] will be able to prove a nexus, however, is not an appropriate question for resolution on a motion *in limine*.").

Federal Circuit precedent holds that "[it] is within the province of the fact finder to resolve these factual disputes regarding whether a nexus exists between the commercial success of the product and its patented features, and to determine the probative value of [patentee]'s evidence of secondary considerations for rebutting the *prima facie* case of obviousness." *Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1574 (Fed. Cir. 1996); *see also In re Affinity Labs of Tex., LLC*, 856 F.3d 883, 901 (Fed. Cir. 2017); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1331 (Fed. Cir. 2016).

Defendants rely solely on attorney argument and cases decided on the merits in an attempt to justify excluding IV's evidence of secondary considerations wholesale; these arguments are inappropriate on a motion *in limine*, as "[a]n *in limine* motion is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a

1

particular claim or defense, because [t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (internal quotations omitted); *see also AMAG Pharm. v. Sandoz, Inc.*, No 16-cv-1508, 2018 WL 1041035, at *1-2 (D.N.J. Feb. 22, 2018) (denying motion to exclude evidence of secondary considerations as "premature," "outside the scope of a motion *in limine*," and on the grounds that it was "very broad and looks more like summary judgment than a motion *in limine*").

This Court routinely denies these motions as going to the weight, rather than the admissibility, of the evidence. *See, e.g.*, *Blitzsafe Tex., LLC v. Honda Motor Co.*, No. 2:15-CV-01274-JRG-RSP, D.I. 390 at 5 (E.D. Tex. Jan. 13, 2017) (denying motion *in limine* "to preclude any evidence, testimony, or opinion regarding secondary considerations of non-obviousness"); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (denying motion *in limine* to "exclude evidence, testimony, or argument during trial referencing the secondary consideration of commercial success because PUMA has failed to establish a nexus between Apple's success and the technology at issue"); *Dataquill Ltd. v. Huawei Techs. Co.*, 2:13-CV-00633-JRG-RSP, D.I. 148 at 5 (E.D. Tex. June 11, 2015) (denying motion *in limine* "to preclude [patentee] from raising secondary considerations as a basis for validity" because "Defendant's request to exclude these licenses merely questions the sufficiency of evidence to rebut a conclusion of obviousness. The jury should be accorded the opportunity to weigh these factors against Defendant's invalidity claims in rendering a conclusion on obviousness. Moreover, any risk of juror confusion can be adequately addressed in the jury instructions by clearly setting forth the nexus requirement as it relates to commercial success as secondary indicia of non-obviousness.").

As in the cases cited above, the motion here lacks the procedural safeguards of summary judgment. Granting it and excluding all evidence of secondary considerations, based solely on Defendants' characterizations would amount to "using an axe in place of a scalpel." *Johns Hopkins Univ. v. Alcon Labs. Inc.*, No. CV 15-525, 2018 WL 4178159, at *13-14 (D. Del. Aug. 30, 2018) (denying Defendant's motion to exclude "secondary considerations evidence lacking nexus to the asserted method claims"). IV has provided evidence, through its expert, that the claimed inventions of the Asserted Patents fill the long-felt but unmet needs of "a reduction in signaling messages," "reducing the PDCCH (signal overhead) traffic," and "improv[ing] the transmission quality of certain IP flows." D.I. 266, Defs. Ex. 4 (Williams Validity Rep.) ¶ 1001. IV has further provided evidence that the patented features of the Asserted Patents "have enjoyed commercial success through the launch of LTE services"; in addition, IV has provided evidence of a nexus between its Asserted Patents and the commercial success of LTE because



*Id.* ¶ 1003. Finally, IV has provided evidence of acquiescence to licensing, in that 

*Id.* ¶¶ 1011-12.

Defendants will have ample opportunity at trial to object to specific testimony and present their own testimony to attempt to rebut IV's evidence on nexus and secondary considerations. *See Alcon Labs.*, 2018 WL 4178159 at *13-14. However, a blanket exclusion of all evidence related to secondary considerations is overbroad and contrary to established

3

precedent. Therefore, Defendants' motion *in limine* to exclude evidence of secondary considerations of non-obviousness should be denied.

**2.      No evidence, argument, or suggestion regarding any government or regulatory investigations into Ericsson or T-Mobile**

IV does not intend to proffer any evidence, argument, or suggestion that would fall within the scope of this motion, but opposes it because before filing, Defendants would not agree to extend it so as to cover *all* such investigations into *all* parties, including IV. To the extent that Defendants intend to rely on certain categories of information in the context of Dr. Becker's damages report, IV expects that a narrow exception and instruction can be crafted that would still allow for the above-proposed motion *in limine* to be universally applied in an equitable manner.

**3.      No evidence, argument, or suggestion regarding Ericsson or T-Mobile's total company revenue, profit, market capitalization, net worth, or other similar revenue claims**

Defendants declined IV's request to extend this motion *in limine* so as to cover all parties. *See* D.I. 267 Ex. 4 (12/18/18 5:51PM email from M. LaDriere to J. Abraham) ("we cannot agree to make Defendants['] [motion] regarding revenue, profit, etc. reciprocal based on your representation that this would exclude certain evidence regarding IV's funds"). Defendants apparently plan to discuss IV's total revenue in the context of its damages case, but to use a motion *in limine* to preclude IV from doing the same. There should be one rule for both parties when addressing the conduct of the hypothetical negotiation, the only context in which revenues would be remotely relevant. IV has no objection to both parties approaching the Court for guidance prior to introducing evidence on this topic, but the rule must be reciprocal to avoid unfair prejudice.

Moreover, as phrased, the motion refers to "other similar revenue claims," making its application vague. IV is not planning to argue to the jury that the Defendants should pay

4

infringement damages simply because they are big companies. Indeed, Defendants acknowledge that "IV's damages expert, Mr. Bratic, does not base his reasonable royalty calculation on Defendants' total revenue." Defs. Br. at 5. However, it is not clear what Defendants mean by the phrase "other revenue claims," which is ambiguous. To the extent that this motion is some sort of back-door attempt to preclude IV from putting on evidence of the value of revenues derived through use of the invention, it is impermissibly overbroad. At minimum, the phrase "other similar revenue claims" should be stricken.

4. **No improper argument regarding the burden of proof or analogizing the burdens of proof in this case to standards used in other areas of the law that may be prejudicial (e.g., family law, personal injury, criminal law, or fraud)**

This Court has recognized several times that the clear-and-convincing burden of proof is not unique to patent law and that inquiring into jurors' past experience with the burden is appropriate. *See, e.g., Addington v. Texas*, 441 U.S. 418, 432-33 (1979) (involuntary commitment proceedings); *Neely v. Wilson*, 418 S.W.3d 52, 61 (Tex. 2013) (defamation); Tex. Fam. Code § 3.003 (community property presumption). The parties should be permitted to ask, for example, whether *venire* persons have had past personal experience with, or have been called upon to apply, the clear-and-convincing standard in other contexts, especially when it may interfere with their ability to apply the standard as the judge instructs. *See St. Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-349-JRG, D.I. 455 at 158-161 (E.D. Tex. Feb. 21, 2017).

Additionally, Defendants' suggestion that the clear-and-convincing burden is somehow different in the family law context than in federal court is questionable. *Compare* Tex. Fam. Code § 101.007 ("'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.") *with* 5th Cir. Pattern Jury Instruction § 2.17 (Oct. 2016)

("Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established."). But even assuming a difference does exist, the existence of that difference makes exploring jurors' past experience with a different standard of the same name all the more important to test views and avoid confusion.

Defendants rely on a single case in support of their overbroad motion. But there, the parties agreed not to liken the clear-and-convincing standard to any other type of case. *See Parthenon*, 2016 WL 7743510 at *3. Therefore, Defendants' motion should be denied.

**5. No evidence, argument, or suggestion that Malibu Networks, Inc. ("Malibu") or IV ever communicated with Ericsson or T-Mobile regarding the Patents-in-Suit prior to filing of the suit**

As the Court is aware from prior motion practice, there was litigation between the parties over a related patent in the District of Delaware, U.S. Patent No. 6,640,248 (the '248 patent). *See generally Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 1:13-cv-1671 (D. Del.). The District of Delaware granted summary judgment of no infringement on most of the asserted claims of the '248 patent and for indefiniteness on one claim. *See id.* D.I. 604 (Final Judgment). The Federal Circuit recently reversed that decision. *See Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, 902 F.3d 1372 (Fed. Cir. 2018). During the course of that litigation, IV ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. To allow Defendants to now argue that ████████████████████████████████████████ would be factually incorrect, irrelevant, and manifestly unfair. It would also require the parties to put on evidence relating to settlement discussions in the Delaware proceedings.

IV does not intend to proffer any evidence that would fall within the scope of this motion, but again opposes on the grounds that Defendants would not agree to universally apply it—in

6

this instance, to all evidence relating to the presence *or absence* of pre-suit communications among the parties. *See* D.I. 267, IV's motion *in limine* No. 5 ("Exclude evidence or argument that IV did not offer Defendants a settlement or license prior to the institution of suit").

As referenced in IV's affirmative motion, no party must affirmatively offer a negotiated resolution before commencing litigation, and evidence regarding the parties' irrelevant course of dealing risks distracting the jury from the core issues of infringement, invalidity, and damages. Here, the problem would be compounded by the fact that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The better course here is to preclude all evidence of pre-suit settlement negotiations. But if the Court declines to do so, IV should be permitted to appropriately contextualize the parties' prior communications by disclosing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

6. **No evidence, argument, or suggestion that any third-party licensee ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇**

IV and Defendants have agreed that Defendants will withdraw this motion as phrased, and instead the parties have agreed that IV will not proffer any "evidence, argument, or suggestion by IV that any third-party licensee has taken a license to only one or all of the particular patents at issue in this case, as opposed to a license to the entire portfolio." D.I. 280 (No. 10).

7. **No evidence, argument, or suggestion regarding an affirmative reference to any matters or communications as to which the offering party asserted privilege, including, but not limited to, any references to any pre-suit investigation performed by IV and any evidence over which IV has claimed privilege**

IV does not intend to introduce any evidence at trial over which it claimed privilege during discovery. However, as phrased, Defendants' motion is overbroad in that it does not specify any particular facts or evidence that Defendants believe would fall within the scope of this motion. Courts, including this Court, routinely deny similar overbroad motions. *See, e.g.*,

*Blitzsafe*, No. 2:15-CV-01274-JRG-RSP, D.I. 390 at 7 (denying motion *in limine* "to preclude any testimony with respect to which Blitzsafe has previously asserted privilege" and directing Defendants to "object and approach the bench regarding any efforts by the Plaintiff to introduce evidence previously withheld by Plaintiff as privileged"); *ABS Glob., Inc. v. Inguran, LLC*, No. 14-cv-503-wmc, D.I. 576 at 8-9 (W.D. Wis. July 25, 2016) (denying similar motion *in limine* where Defendant's "list of issues is overly broad and incorrect" and "descriptions of the topics it seeks to exclude are generic" and instead opting to "deal with these issues in the context of the parties' specific deposition designations"). Even when this Court has granted a similar motion, such rulings have addressed the issue of privilege specifically "as it comes up in the context of trial" and by ordering "the parties to approach the bench before presenting such testimony to the jury." *Cellular Commc'ns Equip. LLC v. Apple Inc.*, No. 6:14-cv-251-KNM, D.I. 261 at 4 (E.D. Tex. Sept. 2, 2016). Indeed, in the only case cited by Defendants, the motion was granted *as modified* to specifically cover "documents that continue to be withheld from production based on privilege," a far cry from Defendants' vague request here. *DataTreasury v. Wells Fargo & Co.*, No. 2:06-CV-72-DF, D.I. 1982 at 40-41 (E.D. Tex. Feb. 26, 2010).

Defendants impermissibly attempt to craft a blanket, generic exclusion without specifying the facts or evidence they seek to exclude. Thus, the actual application of this motion *in limine* is unclear, and it should be denied as drafted.

DATED:  December 31, 2018                     Respectfully submitted,

/s/ *Martin J. Black*
Martin J. Black – **LEAD ATTORNEY**
Pennsylvania Bar No. 54319
Kevin M. Flannery
Pennsylvania Bar No. 62593
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
Fax: (215) 994-2222
martin.black@dechert.com
kevin.flannery@dechert.com

Justin F. Boyce
California Bar No. 181488
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499
Tel: (650) 813-4800
Fax: (650) 813-4848
justin.boyce@dechert.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire Abernathy Henry
Texas Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Counsel for Plaintiff Intellectual Ventures I LLC*

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document and attachments thereto are authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Martin J. Black*
Martin J. Black

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served via e-mail, in accordance with Local Rule CV-5(d) on December 31, 2018 on the following counsel of record:

R. Adam Lauridsen
Justina K. Sessions
**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111
alauridsen@keker.com
jsessions@keker.com

Asim M. Bhansali
Kate Lazarus
**Kwun Bhansali Lazarus LLP**
555 Montgomery Street, Suite 750
San Francisco, California 94111
KBLTMUSIV@kblfirm.com

*Attorneys for T-Mobile USA Inc. and T-Mobile US Inc.*

Douglas M. Kubehl
Jonathan B. Rubenstein
Melissa L. Butler
Jeffrey S. Becker
Megan V. LaDriere
Steven T. Jugle
Harrison G. Rich
Johnson K. Kuncheria
Bryan D. Parrish
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
BBEDTXIVEricssonInternal@BakerBotts.com

Melissa R. Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
melissa@gillamsmithlaw.com

*Attorneys for T-Mobile USA Inc.,*
*T-Mobile US Inc., Ericsson, Inc. and*
*Telefonaktiebolaget LM Ericsson*

<u>*/s/ Martin J. Black*</u>