**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:17-CV-00577-JRG** |
| | § | |
| T MOBILE USA, INC., T-MOBILE US, | § | |
| INC., ERICSSON INC., | § | |
| TELEFONAKTIEBOLAGET LM | § | |
| ERICSSON, | § | |
| | § | |
| *Defendants.* | § | |

<u>**ORDER MEMORIALIZING RULINGS FROM**</u>
<u>**JANUARY 3, 2019 PRETRIAL HEARING**</u>

On January 3, 2019, the Court held a pretrial hearing on certain motions in the above referenced case. This Order memorializes the Court's rulings at that hearing.

Defendants' Motion for Partial Summary Judgment of Non-Infringement of the '629 Patent (Dkt. No. 205) is **DENIED**.

Defendants' Motion for Partial Summary Judgment of Non-Infringement of the '517 Patent (Dkt. No. 206) is **DENIED**.

Defendants' Motion for Partial Summary Judgment of No Willful Infringement (Dkt. No. 207) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court finds that, in this case, knowledge of the patent family is too attenuated to meet the threshold to give Defendants reasonable notice of the Patents-in-Suit as an underpinning to a potential willfulness finding. Accordingly, the Court **GRANTS** the Motion with regards to pre-suit willful infringement. However, once the Complaint was filed, Defendants were on notice as to the specific Patents-in-Suit and the Court **DENIES** the Motion with regards to post-suit willful infringement.

Defendants' Motion for Partial Summary Judgment of Invalidity of U.S. Patent No. RE46,206 (Dkt. No. 208) is **DENIED**.

Defendants' Motion to Strike Portions of the Validity Report of Dr. Tim A. Williams for Presenting Improper Claim Construction Opinions (Dkt. No. 209) is **DENIED**. The Court **GRANTS** Defendants leave to file supplemental infringement and invalidity reports responding to the plain and ordinary meaning of "packet," "packet-centric," "reservation algorithm," and "scheduling" that were addressed in Dr. Williams' rebuttal report. Such supplemental reports shall be due on January 11, 2019. Plaintiff will be entitled to take two-hour depositions of each expert providing such a report, to be completed by January 16, 2019. Any further *Daubert* motions or Motions to Strike addressing such supplemental reports are due by the end of the day on January 21, 2019. Any response to such motions is due by the end of the day on January 25, 2019.

Defendants' Motion for Partial Summary Judgment that Certain Disputed References are Prior Art (Dkt. No. 210) is **GRANTED**.

Defendants' Rule 702 and Daubert Motion to Exclude Expert Opinions of Dr. Douglas A. Chrissan (Dkt. No. 211) is **DENIED**. The Court **GRANTS** Plaintiff leave to file a second supplemental report from Dr. Chrissan solely regarding his conclusions about the "5/6" apportionment set forth in Paragraph 3 of his existing supplemental report. Such supplemental report shall be due on January 11, 2019. Defendants will be entitled to take a two-hour deposition of Dr. Chrissan regarding such report, to be completed by January 16, 2019. Any further *Daubert* motions or Motions to Strike addressing such supplemental report are due by the end of the day on January 21, 2019. Any response to such motions is due by the end of the day on January 25, 2019.

Defendants' Rule 702 and Daubert Motion to Exclude Expert Opinions of Mr. Walter Bratic (Dkt. No. 224) is **DENIED**.

Plaintiff's Motion to Exclude Dr. Becker's Expert Opinions Under Daubert (Dkt. No. 225) is **DENIED**.

**So ORDERED and SIGNED this 8th day of January, 2019.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE