# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., and TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>    Defendants. | Civil Action No. 2:17-cv-00577-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF INTELLECTUAL VENTURES I LLC'S MOTION FOR
SUPPLEMENTAL DAMAGES, ONGOING ROYALTY,
PRE- AND POST-JUDGMENT INTEREST, AND COSTS**

I.     **INTRODUCTION**

On February 8, 2019, the jury in this case found that T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively "T-Mobile"), and Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson") (all collectively "Defendants") infringed at least one of Intellectual Ventures I LLC's ("IV") patents-in-suit[1] and that all of the patents-in-suit are not invalid.  D.I. 320 (verdict form) at 3-4.  The jury awarded $34 million as damages for T-Mobile's infringement and $9 million as damages for Ericsson's infringement, for infringement up to the start of trial (February 4, 2019).  *Id*. at 6; Feb. 5, 2019 PM Public Trial Tr. at 187:19-24.  The jury's award represents an implied royalty rate of $▇▇▇ per LTE subscriber per month for T-Mobile's infringement, and ▇▇▇% of infrastructure sales for Ericsson's infringement.  *See* Apr. 8, 2019 Declaration of Walter Bratic ("Bratic Decl.") (filed herewith) ¶¶ 6-7.  The Court entered final judgment on March 7, 2019.  D.I. 343.

IV now respectfully requests that the Court award: (1) supplemental damages for infringing use between the beginning of trial and the entry of judgment, (2) an ongoing royalty from the entry of judgment until the patents-in-suit expire, (3) prejudgment interest, compounded monthly, based on the prime rate, (4) post-judgment interest at the prevailing rate under 28 U.S.C. § 1961, and (5) costs under 28 U.S.C. § 1920.

II.    **ARGUMENT AND AUTHORITIES**

    A.     **The Court Should Award IV Supplemental Damages and an Ongoing Royalty**

Because Mr. Bratic presented damages calculations that only covered the period up until the first day of trial, the Court should award to IV supplemental damages from the first day of

---

[1] The patents-in-suit are U.S. Patent Nos. 6,628,629, 7,412,517, and RE46,206.

1

trial up to the entry of judgment.  Feb. 5, 2019 PM Sealed Trial Tr. at 187:19-24.  As this Court has observed, "[a] patentee is entitled to damages for the entire period of infringement and should therefore be awarded supplemental damages for any periods of infringement not covered by the jury verdict." *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72 DF, 2011 WL 8810604, at *5 (E.D. Tex. Aug. 2, 2011).  "A failure to award such damages would grant an infringer a windfall by enabling it to infringe without compensating a patentee for the period of time between the jury's verdict and the judgment." *Nat'l Instruments Corp. v. Mathworks, Inc.*, No. 2:01-cv-11-TJW, 2003 WL 24049230, at *4 (E.D. Tex. June 23, 2003).

Furthermore, IV also requests that the Court award ongoing royalties at the jury's implied royalty rates for time between the entry of judgment (March 7, 2019) until the expiration of the patents (July 9, 2019).  Failure to do so would similarly constitute an improper "windfall" for Defendants, as they have not indicated they will cease infringement, and IV has not sought an injunction for the remaining term of the patents.  *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007) ("awarding an ongoing royalty for patent infringement in lieu of an injunction may be appropriate").

More specifically, based on Mr. Bratic's supplemental calculations submitted herewith, IV requests that the Court award **$4,659,160** from T-Mobile and **$534,554** from Ericsson as supplemental damages and an ongoing royalty based on the jury's implied royalty rates for infringement between the start of trial and entry of judgment (as to supplemental damages) and between entry of judgment and the expiration of the patents-in-suit (as to an ongoing royalty). *See* Bratic Decl. ¶¶ 6-7 & Ex. 2; *see also, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1384, 1386 (Fed. Cir. 2013) (affirming judgment of district court that included supplemental damages and noting that "the amount of supplemental damages following a jury

verdict 'is a matter committed to the sound discretion of the district court'") (quoting *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 n.2 (Fed. Cir. 2008)).

### B. The Court Should Award IV Pre-Judgment Interest

"[P]rejudgment interest should be awarded under § 284 absent some justification for withholding such award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). The purpose of awarding prejudgment interest is to "ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Id.* at 655. Accordingly, the Court should award IV pre-judgment interest covering the period of infringement through the date of final judgment. *See, e.g.*, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co., Ltd.*, No. 4:14-CV-00371, 2017 WL 1716589, at *4 (E.D. Tex. Apr. 27, 2017) (awarding pre-judgment interest).

Mr. Bratic's calculations of pre-judgment interest compound the prime rate on a monthly basis, utilizing the midpoint convention. *See* Bratic Decl. ¶ 9 & Ex. 3; *Z4 Techs., Inc. v. Microsoft Corp.*, 2006 WL 2401099, at *27 (E.D. Tex. Aug. 18, 2006). IV is thus entitled to pre-judgment interest of (1) **$3,161,758** for the $34 million in damages awarded by the jury for T-Mobile's infringement and (2) **$1,283,530** for the $9 million in damages awarded by the jury for Ericsson's infringement. *See* Bratic Decl. ¶ 9 & Ex. 3.

### C. IV is Entitled to Post-Judgment Interest

IV is entitled to post-judgment interest under 28 U.S.C. § 1961, as calculated from the date that judgment is entered. *See, e.g.*, *Saint Lawrence Commc'ns LLC v. Motorola Mobility LLC*, No. 2:15-CV-351-JRG, 2017 WL 6268735, at *6 (E.D. Tex. Dec. 8, 2017) (awarding pre-judgment interest, post-judgment interest, taxable costs, and supplemental damages). Under 28 U.S.C. § 1961, interest is computed daily, at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Federal Reserve System, for the calendar week

3

before the date of judgment, and must be compounded annually. Mr. Bratic has calculated post-judgment interest based on these criteria. *See* Bratic Decl. ¶ 9 & Ex. 3. As such, IV respectfully requests that the Court award **$5,600 per day** from T-Mobile and **$1,550 per day** from Ericsson in post-judgment interest. *See id.*

### D.   The Court Should Tax Costs in Favor of IV

Because IV is the prevailing party, it has a right to appropriate costs under 28 U.S.C. § 1920. IV's Bill of Costs is submitted as Exhibit B in support hereof, following discussions between the parties held pursuant to Local Rule LR-CV54(b). IV and Defendants are agreed as to all categories of costs but for two. IV's Unopposed Costs total **$119,302.20**.

First, Defendants contest IV's submitted cost relating to "graphics team trial work," in the amount of **$69,372.25**. *See* Ex. C. This cost is appropriately taxable to Defendants, and the amount of IV's expenditure is reasonable—as indeed this Court has previously found. In *Smartflash LLC v. Apple Inc.*, this Court awarded costs for graphics expenditures in excess of $470,000, almost seven times the amount that IV now seeks. *See* No. 6:13-cv-00447-JRG, D.I. 668 (E.D. Tex. Dec. 20, 2018) at 7-9. In this case, as in *Smartflash*, IV's "demonstratives were exemplifications of record evidence, the parties agreed to and did exchange daily demonstratives, the Court acknowledged the parties' agreement and provided instructions for the use of demonstratives, and [Defendants] also used electronic demonstratives." *Id.* at 8. The Court should follow the same course here as in *Smartflash*, and award IV its costs.

Second, Defendants contest IV's submitted cost in the amount of **$1,312.38** relating to copies made in preparation for the deposition of Defendants' non-infringement expert Dr. Wicker. *See* Ex. D. IV received Dr. Wicker's report on October 31, and his deposition was scheduled November 8, in Ithaca, New York—a location in which no party has an office. Accordingly, in light of the compressed timeframe, to effectively prepare for Dr. Wicker's

4

deposition IV had little choice but to print the entirety of his 474-page report and all 57 exhibits thereto.  IV has agreed not to ask Defendants to reimburse IV for all five copy sets, and limits its request to three.  IV also has agreed not to require Defendants to reimburse IV for printing the report in color, and submits its cost request based on the price for black-and-white copies.  Given the critical importance of Dr. Wicker's non-infringement opinions to Defendants' case, IV has accordingly demonstrated that these costs were reasonably necessary, and the Court should award them accordingly to IV.

### III.   CONCLUSION

For the reasons stated above, IV asks the Court to award: (1) supplemental damages and ongoing royalties in the amount of award $4,659,160 from T-Mobile and $534,554 from Ericsson as supplemental damages and an ongoing royalty; (2) pre-judgment interest of $3,161,758 for the $34 million in damages awarded by the jury for T-Mobile's infringement and $1,283,530 for the $9 million in damages awarded by the jury for Ericsson's infringement, (3) post-judgment interest of $5600 per day from T-Mobile and $1,550 per day from Ericsson under 28 U.S.C § 1961, and (4) the costs detailed in Exhibit B under 28 U.S.C. § 1920.

DATED:   April 8, 2019                           Respectfully submitted,


                                                 */s/Martin J. Black*
                                                 Martin J. Black – **LEAD ATTORNEY**
                                                 Pennsylvania Bar No. 54319
                                                 Kevin M. Flannery (*pro hac vice*)
                                                 Pennsylvania Bar No. 62593
                                                 DECHERT LLP
                                                 Cira Centre
                                                 2929 Arch Street
                                                 Philadelphia, PA 19104
                                                 Tel: (215) 994-4000
                                                 Fax: (215) 994-2222
                                                 martin.black@dechert.com
                                                 kevin.flannery@dechert.com

                                                 Justin F. Boyce (*pro hac vice*)
                                                 California Bar No. 181488
                                                 DECHERT LLP
                                                 2440 W. El Camino Real, Suite 700
                                                 Mountain View, CA 94040-1499
                                                 Tel: (650) 813-4800
                                                 Fax: (650) 813-4848
                                                 justin.boyce@dechert.com

                                                 T. John Ward Jr.
                                                 Texas Bar No. 00794818
                                                 Andrea L. Fair
                                                 Texas Bar Number 24078488
                                                 Claire Abernathy Henry
                                                 Texas Bar No. 24053063
                                                 WARD, SMITH & HILL, PLLC
                                                 1507 Bill Owens Pkwy.
                                                 Longview, TX 75604
                                                 Tel: (903) 757-6400
                                                 Fax: (903) 757-2323
                                                 jw@wsfirm.com
                                                 andrea@wsfirm.com
                                                 claire@wsfirm.com

                                                 ***Counsel for Plaintiff Intellectual Ventures I LLC***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served via e-mail, in accordance with Local Rule CV-5(d) on April 8, 2019 on the following counsel of record:

R. Adam Lauridsen
Justina K. Sessions
**Keker, Van Nest & Peters LLP**
633 Battery Street
San Francisco, CA 94111
alauridsen@keker.com
jsessions@keker.com

Asim M. Bhansali
Kate Lazarus
**Kwun Bhansali Lazarus LLP**
555 Montgomery Street, Suite 750
San Francisco, California 94111
KBLTMUSIV@kblfirm.com

Josh A. Krevitt
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
GDC-T-Mobile-IV3-95@gibsondunn.com

Matthew D. McGill
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave NW
Washington, D.C. 20036
GDC-T-Mobile-IV3-95@gibsondunn.com

Stuart M. Rosenberg
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
GDC-T-Mobile-IV3-95@gibsondunn.com

***Attorneys for T-Mobile USA Inc. and T-Mobile US Inc.***

Douglas M. Kubehl
Jonathan B. Rubenstein
Melissa L. Butler
Jeffrey S. Becker
Megan V. LaDriere
Steven T. Jugle
Harrison G. Rich
Johnson K. Kuncheria
Bryan D. Parrish
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
BBEDTXIVEricssonInternal@BakerBotts.com

Melissa R. Smith
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
melissa@gillamsmithlaw.com

*Attorneys for T-Mobile USA Inc.,*
*T-Mobile US Inc., Ericsson, Inc. and*
*Telefonaktiebolaget LM Ericsson*

                                                  */s/ Laura E. Fleming*
                                                  Laura E. Fleming

## CERTIFICATE OF CONFERENCE

Per Local Rule CV-7(h)-(i), counsel for Intellectual Ventures and counsel for Defendants conferred via email and teleconference on from April 3 to April 8, 2019. Kevin Flannery, Joseph Abraham, and Andrea Fair participated on behalf of Intellectual Ventures. Melissa Jugle and Steven Jugle participated on behalf of Defendants. Despite good faith efforts, the parties ended in an impasse with respect to the subject matter of this motion, other than as to IV's Unopposed Costs. Defendants have indicated that they are opposed to this motion.

*/s/ Martin J. Black*
Martin J. Black

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document and attachments thereto are authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Martin J. Black*
Martin J. Black